## MAGNE vs. SEYMOUR.

A sheriff who *levies* on property and returns *nulla bona* assumes upon himself the responsibility of proving property out of the defendant in the execution, and thus supporting his return.

*Prima facie* evidence of the falsity of the return, is sufficient to put the sheriff upon proof of its correctness ; thus, shewing the defendant in an execution to be *in possossion* of goods and chattels without shewing the property in such goods to be in him, is enough to put the sheriff upon his defence when sued for falsely making a return of *nulla bona.*

It *eeems* that a sheriff who, after a levy, becomes satisfied that the property in the goods levied upon is not in the defendant in the execution, may protect himself by calling a jury, and obtaining their inquisition finding such fact.

ERROR from the Monroe common pleas. Magne sued Seymour, sheriff of Monroe, in an action on the case for a false return of *nulla bona* on an execution in favor of Magne againt one Barrington, for $510. The plaintiff produced the execution with the return, and gave in evidence a receipt of one Braithwaite, acknowledging to have received of the defendant as sheriff of the county of Monroe, certain articles of personal property, particularly described, taken on an execution in favor of Magne against Barrington, which he promised to deliver to the sheriff; the receipt bore date on the same day that the execution was delivered to the sheriff, was in the hand-writing of a deputy, and was endorsed by him "an inventory of the property of J. Barrington." A witness for the plaintiff testified that he had seen articles similar to those mentioned in the receipt in the possession and use of Barrington ; and that the value of merchantable property of the description mentioned in the receipt would exceed $500. The plaintiff rested. The defendant's counsel mov-

ed for a nonsuit, contending that if the evidence adduced by the plaintiff was *prima facie* sufficient to shew that the sheriff had seized the articles specified in the receipt as the property of Barrington, the subsequent official return of the sheriff was evidence that he had ascertained that they were not the property of Barrington; and that to entitle the plaintiff to recover, he was bound to produce further evidence, shewing them to be in fact the property of Barrington. The court nonsuited the plaintiff, who sued out a writ of error.

*J. A. Spencer,* for plaintiff in error.

*T. F. Talbot,* for defendant in error.

*By the Court,* SAVAGE, Ch. J. When an execution is delivered to a sheriff, it is his duty to levy upon the property of the defendant, and sell it if necessary. If he levies on goods and chattels, and doubt whether they belong to the defendant, he may impannel a jury to enquire in whom the property of the goods is vested. And Mr. *Archbold* supposes, 1 *Arch. Pr.* 294, that their inquest will justify him in making a return of *nulla bona,* or mitigate the damages in an action of trespass against him. This subject has been several times before this court. In *Bailey* v. *Bates,* 8 *Johns R.* 143, the plaintiff insisted the property should be sold, and offered to indemnify the sheriff, but the offer was by parol, and no written indemnity was tendered; the sheriff called a jury, who found the property not to be in the defendant in the execution; the sheriff returned *nulla bona,* and the court held he was justified, saying that such an inquest will protect him, unless there be circumstances shewing a want of good faith. In *Van Cleef* v. *Fleet,* 15 *Johns. R.* 147, the plaintiff in the execution offered in writing to indemnify the sheriff, notwithstanding an inquisition, and the court held that he should have taken the indemnity and sold the goods. From these cases and the English cases, Mr. Justice SUTHERLAND deduced the rule stated in *Curtis* v. *Patterson,* 8 *Cowen,* 67, that if no indemnity is offered it is the sheriff's duty to call a jury, and if they find the property not in the defendant, the sheriff is justified in returning *nulla bona;* but if after such an in-

quisition the plaintiff offers a sufficient indemnity, the sheriff must proceed and sell; and that a sheriff acts at his peril in returning *nulla bona* under any other circumstances. It seems to follow that the sheriff who *levies* on property and returns *nulla bona*, assumes upon himself the responsibility of proving the property out of the defendant in the execution, and thus supporting his own return.

It is contended in this case that the return verifies itself. It is true that the plaintiff must falsify the return; and that must be done by sufficient testimony. Had there been in this case a bare return on the execution, without any evidence of a *levy* having been made, the plaintiff would have been bound to falsify the return. Suppose he had produced a witness who had testified that the sheriff had in fact levied on sufficient property in possession of the defendant in the execution, and then rested—it seems to me that the burden of proving the property out of Barrington would have been thrown upon the sheriff. He might have placed himself in a situation to be protected by calling a jury, and obtaining their verdict, that the property did not belong to Barrington; but having neglected to do so, he assumes the responsibility of proving it. Whatever weight may be attached to an official return under other circumstances, when it is directly attacked, it should not be permitted to balance against *prima facie* evidence. For instance, a sheriff's return of rescue is conclusive in proceedings against the offenders; but were an action brought against the sheriff for a false return, that return could not be then conclusive. The return in this case must be considered true till its falsity be shewn; but to put the sheriff upon proof of the correctness of his return, it seems to me that *prima facie* evidence of its falsity is enough.

Possession is *prima facie* evidence of property. Barrington was in possession of property answering the description of that which was levied on. Had the sheriff made the same return without a levy, I apprehend that in a suit for a false return, it would have been sufficient to put the defendant upon his defence for the plaintiff to shew that the defendant in the execution was in possession of property sufficient to sat-

isfy the execution. The possessor of personal property is presumed to be the owner until the contrary appear. When *the witness speaks of possession, the legal import must be* given to the term, and the court cannot intend that Barrington had the property in his possession as a servant or bailee of the owner; it must be understood that he had it in possession as owner, in the same manner as personal property is generally possessed. If this testimony would have been sufficient without the evidence of the sheriff's levy, that fact certainly cannot weaken the force of it. The levy shews that at the time it was made, the sheriff considered the goods the property of the defendant in the execution. If he afterwards received evidence that the property of the goods belonged to some other person, upon which he chose to rely without submitting it to a jury, I think he is bound to produce it when he is shewn *prima facie* to have acted incorrectly.

The proof of the value of the goods was certainly defective. It merely proved that such property as was levied on, if merchantable, was of a certain value; but enough, I think, was shewn to prove that it was of some value, and the plaintiff would at all events be entitled to recover nominal damages. That was not the point upon which the plaintiff was nonsuited. The court below held that if the inventory and receipt were *prima facie* evidence of a levy, the return under oath was evidence that the sheriff had ascertained that the property was not Barrington's. I hold that if he had so satisfied himself without a jury, he is bound, when sued for a false return, to satisfy the court and jury that he was correct in the conclusion he came to upon that question, and that *prima facie* evidence, on the part of the plaintiff, of the falsity of the return, is sufficient in the first instance.

Judgment reversed, and a *venire de novo* awarded to Monroe C. P.