Waterman v. Merrill.

---

HENRY WATERMAN v. SAMUEL B. MERRILL.

1. That the sheriff had not returned the writ, is not sufficient to warrant a judgment of amercement for debt and costs.
2. A letter was received by the sheriff from the plaintiff's attorney, after levy made, and before the return of the writ, in these words: " You may delay proceeding till you hear from me or Mr. W., holding on to

Waterman v. Merrill.

your levy." *Held*—that such an interference with the regular course of proceedings under the execution, amounts to an acceptance and ratification by the plaintiff, of whatever had been done or omitted by the sheriff up to that time, so far, at least, as to preclude the plaintiff from alleging any such act or omission as a ground of amercement under section twenty-two of the act concerning sheriffs. *Nix. Dig.* 891.

3. The stay thus created will continue until terminated by notice from the plaintiff or his attorney to the sheriff, requiring him to proceed with the execution, the effect of such notice being to throw back upon the sheriff the responsibility which had been assumed by the plaintiff, and to make the sheriff liable for any subsequent neglect or default, precisely as he would have been if no stay had been granted.

4. A return of *nulla bona* after levy and inventory, held to be regular and proper, the legal import of such a return being simply that the goods levied on were not applicable to the plaintiff's writ.

5. The proceeding by amercement, so far as it draws in question the truth of the return, may be considered as standing in the place of an action on the case for a false return, and as governed by the same principles, both as to the matters to be proved and the amount of proof required.

On motion to amerce the sheriff of Middlesex county.

An alias *fi. fa.* having been issued in this case, January 29th, 1868, returnable to the February Term, 1869, of this court, was received by the sheriff of Middlesex, January 31st, 1868, and a levy and inventory made by him the same day, on property then supposed to belong to the defendant in execution. Afterwards, and before the return of the writ, the sheriff received from the plaintiff's attorney a letter, dated February 24th, 1869, the day preceding the return day of the writ, in these words: "You may delay proceeding till you hear from me or Mr. W., holding on to your levy."

Some time after the receipt of this letter, the sheriff became satisfied that the goods levied on did not belong to the defendant, and for that reason refused to go on and sell them, when instructed by the plaintiff's attorney to do so.

Notice of amercement was served on the sheriff, February 11th, 1869, and on the twenty-third of the same month the

execution, with the levy and inventory annexed, was returned by the sheriff *nulla bona.*

Argued at February Term, 1869, before Justices VREDEN-BURGH, WOODHULL, and VAN SYCKEL.

For the motion, *S. B. Ransom.*

Contra, *G. C. Ludlow.*

WOODHULL, J.  The plaintiff in execution moves to amerce the sheriff of Middlesex:  1. For neglecting and refusing to execute the writ.  2. For neglecting to file a just and true inventory.  3. For not returning the writ.  4. For not having sold the goods levied on.

Of these grounds of amercement, the fourth is merely a specification under the first, and will be considered as included in that.

The third ground, viz., that the sheriff had not returned the writ, is not sufficient to warrant the judgment of amercement asked for in this case.

In *Ritter & Clark* v. *Merseles,* 4 *Zab.* 627, one of the grounds alleged was, that the sheriff had not "returned the execution according to law," and it was held not sufficient to justify an amercement for the debt and costs; and that the nineteenth section of the practice act, (*Nix. Dig.* 724,*) which had been cited in support of it, has reference to mesne process only, and not to process of execution.

As to the second ground alleged in support of this motion, viz., that the sheriff had neglected to file a just and true. inventory, it is manifest that this cannot avail the plaintiff in execution, because—1. An inventory which he admits to be just and true being now on file, the default of the sheriff in this respect is reduced to the merely technical one of not having filed in time.   And, 2. Because, instead of impeaching the inventory filed by the sheriff, he is compelled by the

* *Rev.,* p. 855.

Waterman v. Merrill.

exigency of his case to sustain it, he alleging it to be just and true, while the sheriff, in effect, alleges the contrary.

This motion, then, must stand, if it can stand at all, on the first ground alleged, viz., that the sheriff has neglected or refused to execute the writ. To execute the writ, in the sense of the act, (*Nix. Dig.* 891, § 22,*) is to do all that the writ commands to be done.

In this case, the command was to make of the goods, &c., of the defendant, the sum named in the writ, and to have that money, with the writ, at Trenton, on the fourth Tuesday in February then next, to render to the plaintiff. That the sheriff has not done what the writ commands, cannot be denied, and if it appears that his failure to do so has been the result of any neglect or default on his part, he is clearly liable to amercement on this ground, unless, by some act of the plaintiff, he has been absolved from such liability. On the part of the sheriff, it is insisted that the letter of February 24th had this effect. By that letter he was directed, or at least permitted to delay proceeding on the execution, until he should hear from the plaintiff, or from his attorney. Such an interference as this on the part of the plaintiff, with the regular course of proceedings under the execution, has been held in this state to amount to an acceptance and ratification by the plaintiff, of whatever had been done or omitted by the sheriff up to that time, so far, at least, as to preclude him from alleging any such act or omission as a ground of amercement, under section twenty-two of the act concerning sheriffs. *Nix. Dig.* 891.* In the case of *The Paterson Bank* v. *Hamilton*, 1 *Green* 159, as in this case, the stay of execution was in writing, was contained in a letter addressed to the sheriff by the attorney of the plaintiff, and was in form rather a permission than a command or a direction: " You may adjourn the sale, and stay until further orders." The execution had been returned to the term of November, 1827, with a levy, &c. The stay was on the 9th of February following, and the motion was to amerce, because the sheriff did not make and return a full and com-

* *Rev.*, p. 1102, § 22.

plete inventory, and had neglected to execute the writ. It was held that the sheriff, under the circumstances stated, was absolved from any neglect which had occurred before the stay, or during its continuance.

In *Scott* v. *Dow*, 2 *Green* 350, there was not, in terms, any stay of execution, but only a letter from the plaintiff, after a notice of amercement, informing the sheriff that he should not move to amerce him according to the notice, but should trust to his raising the money in the following vacation. It was held that this was, in effect, the same as the stay given to the sheriff in *Paterson Bank* v. *Hamilton;* that it was not only a waiver of the notice that had been given, but of all exceptions to the sufficiency of the return, and that it absolved the sheriff from any neglect to execute the writ which had previously occurred.

In *Stryker* v. *Merseles*, 4 *Zab*. 542, on a motion to set aside a judgment of amercement, Mr. Justice Potts, referring to the cases just cited and others, says: "It is well settled that when a plaintiff instructs the sheriff to depart from the line of duty which his process and the law impose in reference to the execution of such process, the sheriff cannot be held answerable for any of the consequences which may result. The plaintiff cannot first disarm the sheriff, and then hold him liable for. not executing the writ." It is clear from these authorities that the motion to amerce in this case cannot prevail, unless it appears that the stay of February 24th has been terminated by notice from the plaintiff, or his attorney, to the sheriff, requiring him to proceed with the execution; and further, that the sheriff has been guilty of some breach of duty since the receipt of such notice. Does this appear? The attorney of the plaintiff testifies that he wrote to the sheriff shortly after May 11th, 1868, instructing him to make the money on the execution as soon as possible; and that he afterwards addressed to him several other letters to the same effect. The sheriff denies having received these letters, and there is no proof that he ever did receive any one of them. There is little reason to doubt, however, from

the testimony, that such instructions were given to the sheriff, personally, by the plaintiff's attorney, in the latter part of December, 1868. Assuming this to be the fact, the effect of it was at once to remove the stoppage which, beginning with the letter of February 24th, had continued without interruption to the time when such instructions were received by the sheriff. The rssponsibility which the plaintiff had assumed was thus thrown back upon the sheriff, who, from that time, became liable for any subsequent neglect or default in executing the writ—precisely as he would have been, if the letter of the 24th of February had not been written.

Does it appear that the sheriff, after notice to go on and execute the writ, neglected or refused to do so, in such a sense as to make him liable to amercement on this motion? His instructions were to proceed and sell the goods and chattels levied on, and specified in the inventory annexed to the writ. Instead of doing so, he returned the writ *nulla bona*, and now insists that this return is a good answer to those instructions, and of itself imposes a sufficient legal reason for not obeying them.

But it is urged in behalf of the plaintiff in execution, that the sheriff having levied on the goods in question as the property of the defendant, and liable to be sold under the writ, was thereby estopped from returning *nulla bona*, and that the return in this case was, therefore, wholly inoperative and void.

In *Wintle* v. *Freeman*, 39 *E. C. L.* (11 *A. & E.* 539) 159, goods had been taken in execution and sold by the sheriff, but the proceeds had been exhausted by payment of rent, &c., and it was held that a return of *nulla bona* was proper, and that the sheriff, (in an action against him for false return,) might show those facts under a plea that the original defendant had no goods whereof the sheriff could levy the damages, &c. Speaking of the return in that case, Patteson, J., says: "I think it is a good return. The sheriff seized the goods, and paid the landlord's rent and what was due

upon the prior writ. And what is the effect of this? That no goods were applicable to the plaintiff's writ, and therefore these were *nulla bona.*"

In a later case, decided in the Court of C. P., *Heenan* v. *Evans,* 42 *E. C. L.* (3 *Man. & G.* 398) 213, there was a return of *nulla bona* after levy, &c., and it was held good. In that case it was remarked by Chief Justice Tindal, that "after the decision in *Wintle* v. *Freeman,* the allegation that the defendant seized and took in execution divers goods, &c., of R., must be taken to import that defendant seized and took in execution such goods, &c., of R. as were liable to be taken in execution under the plaintiff's writ. There it was contended that it could not be a true return to say that there were no goods, when, in fact, goods were taken under the plaintiff's writ, but which, it was afterwards found, were insufficient to satisfy prior demands. The substantial decision in *Wintle* v. *Freeman* was, that *nulla bona* is a just and true return where the fruits of the levy have been exhausted by prior claims."

In *Champenois* v. *White,* 1 *Wend.* 92, a deputy sheriff, having levied on personal property of the defendant, and being afterwards informed of a prior writ in the hands of the sheriff, returned his writ *nulla bona,* and it was held good, Savage, C. J., saying : " There was no irregularity in this case. The return of *nulla bona* was a true return ; there were no goods to satisfy the execution issued in this cause."

In *Evans* v. *Parker,* 20 *Wend.* 621, on a motion to set aside as false a sheriff's return of *nulla bona,* Cowen, J., delivering the opinion of the court, says : " So far as we have spoken, it was to say, that the sheriff may, even after a levy, return *nulla bona,* on being satisfied that an attempt to sell would be fruitless, by reason of previous liens. So of any other ground for honest belief in the sheriff; as, if the goods levied on are claimed adversely by a third person, even though the claim be fraudulent." See also *Remmett* v. *Lawrence,* 69 *E. C. L.* (15 *Ad. & El. N. S.* 1004.) The effect of these cases is, to show that *nulla bona* is a good return after levy

made, and that its legal import is simply that the goods levied on are not applicable to the plaintiff's writ. In a case decided in this court, November Term, 1839, on a motion to amerce, &c., (*Hopkins* v. *Chandler*, 2 *Harr.* 299,) it was held, that a sheriff who had levied on and sold property which did not belong to the defendent in execution, was not estopped by his levy and sale from denying the plaintiff's right to the proceeds of the sale. Hornblower, C. J., in delivering the opinion of the court, says: " The first question, then, is whether the sheriff is estopped by his levy and sale from denying the plaintiff's right to this money? I think not. In an action against him, he would be at liberty to show that the property was subject to prior liens, which had exhausted the proceeds; and I can see no reason why he might not be permitted to show that he had levied on and sold by mistake, under the plaintiff's execution, property that was not liable to such seizure and sale." In another part of his opinion, in the same case, he says: " It would seem to be unreasonable, if a sheriff, by mistake, should sell property not liable to a plaintiff's execution, that he should be compelled to pay the money to the plaintiff, and be left to respond to the owner of the property." The decision in this case, although not directly on the point now under consideration, leads, by fair inference, to the result already indicated. If a sheriff may defend an action against him, or resist a motion to amerce, by proving that the goods levied on were not in fact, liable to be sold under the execution, although until after the return of the writ, the sheriff supposed them to be so, it cannot well be doubted, that if the mistake be discovered in time, he may show the same thing by his return; and if it would be unreasonable to compel the sheriff to pay over to the plaintiff the proceeds of goods levied on and sold by mistake, it can hardly be thought less unreasonable to compel him to sell goods levied on by mistake, and which he afterwards discovers to be the property of other persons than the defendant in execution.

On the whole, I think it clear, both in reason and au-

thority, that the return made by the sheriff to the *alias fi. fa.* in this case, was not repugnant to, nor in any way inconsistent with the previous levy and inventory, but was a regular and proper return, and, if true, furnishes a complete answer to the plaintiff's motion.

This proceeding, so far as it draws in question the truth of the return, may be considered as standing in the place of an action on the case for a false return, and as governed by the same principles, both as to the matters to be proved and the amount of proof required.   (See remarks of Hornblower, C. J., in *Hopkins* v. *Chandler*, 2 *Harr.* 299.)

As the plaintiff in an action on the case for a false return cannot maintain his suit without producing at least *prima facie* evidence of the falsity of the return, (2 *Greenl. Ev.,* § 592 ; *Mayne* v. *Seymour,* 5 *Wend.* 309,) nothing short of this should be required of the plaintiff in execution on a motion to amerce.

In the absence of such evidence, the sheriff will not be required to sustain his return by proof.

The sheriff, in the present case, however, whether bound to do so or not, has chosen to produce such proof, and has shown, satisfactorily, I think, that the goods levied on were not the property of the defendant in execution, and that his return was therefore, in its legal sense, true in fact.

The motion to amerce must be denied.

Justice VAN SYCKLE concurred.

[Justice VREDENBURGH's term of office expired before the opinion of the court in this case was pronounced.]

CITED *in Kemble* v. *Harris,* 7 *Vr.* 528 ; *Hoagland* v. *Todd & Rafferty,* 8 *Vr.* 546.