THE THIRD NATIONAL BANK OF BUFFALO, PLAINTIFF, v. ITTAI J. ELLIOTT, AS SHERIFF OF ALLEGANY COUNTY, DEFENDANT.

*Levy upon property under an attachment — right of the sheriff to deny the defendant's title to the property in an action for a false return brought by the plaintiff in the attachment suit — when a sale of the property of an insolvent company will be held void.*

In an action, brought against the Gibbs & Sterritt Manufacturing Company, an attachment was issued and delivered to a deputy sheriff, who, at the request of the plaintiff's attorney, seized and levied upon certain property

which had, prior to that time, been levied upon by the sheriff under attachments issued in other actions brought against the firm of Humphrey & Aspinwal. The deputy thereafter made the customary inventory and filed a return in the clerk's office. Thereafter, under executions issued upon judgments recovered in the aforesaid actions brought against the firm of Humphrey & Aspinwal, and an execution issued upon a judgment subsequently recovered by the plaintiff in his action against the Gibbs & Sterritt Manufacturing Company, the sheriff sold the property attached, as directed in the executions, and applied the proceeds upon the judgments recovered against the firm of Humphrey & Aspinwal, returning the plaintiff's execution *nulla bona.*

Upon the trial of this action, brought by the plaintiff to recover the moneys which he alleged the defendant, as sheriff, had collected on its execution, it appeared that the property was, prior to November 14, 1882, owned by the said manufacturing company, and in the possession of the said firm, as its agents for selling its goods, each of the partners being a trustee of the company; that on that day the property was sold to the said firm, and remained thereafter in its possession until levied upon by the sheriff.

*Held,* that the fact that the deputy sheriff had seized certain items of property, as property owned by the defendant in the attachment suit, and had made and filed a return, did not estop the sheriff from showing, when sued for making a false return, that the property attached belonged to a third person; that it did, however, cast upon him the burden of proving that the property did not belong to the defendant.

That in this case the sheriff had failed to establish the fact that the property did not belong to the Gibbs & Sterritt Manufacturing Company; that the court properly held the sale of November 14, 1882, to be void as a matter of law, as it was shown that the sale was made at a time when the company was insolvent, by the members of its executive committee to two of its own trustees, who had knowledge of the insolvency of the company, and received the property in payment of a debt much less in amount than the value of the property.

MOTION by the defendant for a new trial, founded upon a case containing exceptions, ordered at the Allegany Circuit to be heard at the General Term in the first instance.

The action was brought to recover moneys which the plaintiff in its complaint alleges that the defendant, as sheriff, collected on an execution in its favor against the Gibbs & Sterritt Manufacturing Company. The execution was returned *nulla bona* by the sheriff and filed in the proper clerk's office. Several attachments against the property of Humphrey & Aspinwal were delivered to the defendant, as sheriff, and he seized thereon certain items of personal property, taking an inventory of the same and making and filing the customary return. Thereafter the plaintiff procured an attachment against the property of the Gibbs & Sterritt Manufacturing Company and

delivered it to one of the defendant's deputies, who, at the request of its attorney, did seize and levy upon a portion of its property which the sheriff had theretofore levied upon, as the property of Humphrey & Aspinwal, and the deputy made the customary inventory and filed a return to the attachment in the proper clerk's office. In the actions against Humphrey & Aspinwal judgments were entered and executions were issued thereon, and on one of them, in favor of the Bank of Randolph, as early as the 7th day of May, 1883, for the sum of $10,680.49, and other executions, in amount greater than the value of the property attached, were delivered to the sheriff before the 25th day of June, 1883. On the 23d June, 1883, this plaintiff recovered a judgment in its suit against the Sterritt & Gibbs Manufacturing Company for the sum of $7,933.60, and on the 25th day of June, 1883, issued an execution thereon and delivered it to this defendant, as sheriff, with the customary directions, to satisfy the same out of the property attached, by virtue of the warrant attached. On the 5th day of July following the sheriff sold all the property attached, on the executions issued upon the judgments against Humphrey & Aspinwal, and the sum realized was less than the aggregate amount of such judgments, and thereupon returned the execution on the plaintiff's judgment against the manufacturing company *nulla bona.* The items of property levied upon, by virtue of the attachments in the plaintiff's favor, sold for the sum of $3,159.69, for which amount, with $235.35 interest, the court directed a verdict in the plaintiff's favor. The property, prior to the 14th day of November, 1882, was owned by the said manufacturing company, on which day, by an assignment in writing in due form, it sold all its interest in the same to Humphrey & Aspinwal, in whose possession the same was at the time of the sale, and it remained in their possession up to the time that the same was seized by the sheriff on attachments issued against them. At the close of all the evidence the defendant requested to go to the jury, upon all the facts of the case, claiming that the title to the property was in Humphrey & Aspinwal, and that the avails of the sale were properly applied upon the execution against those parties. This request was denied, and the defendant excepted. The court thereupon directed a verdict in the plaintiff's favor, to which the defendant also excepted.

*Lewis & Moot,* for the plaintiff.

*Henderson & Wentworth,* for the defendant.

BARKER, J.:

The sheriff sought on the trial to prove the truth of his return *nulla bona,* to the execution issued on the judgment in the plaintiff's favor, by attempting to prove that the property levied upon under the attachment in the plaintiff's favor, against the Gibbs & Sterritt Manufacturing Company, was not the property of that company liable to be seized upon attachment or execution against it, but that it was, in fact, the property of Humphrey & Aspinwal, the defendants named in the several attachments and executions which he had received prior, in point of time, to the attachment which he received from the plaintiff against the said manufacturing company. The execution issued upon the plaintiff's judgment is in strict compliance with the provisions of section 708, Code of Civil Procedure, and properly contains a specific direction requiring the sheriff to satisfy the judgment out of the personal property of the judgment-debtor, which he had theretofore attached by virtue of a warrant of attachment issued in such action. The sheriff was not authorized, by virtue of this process, to levy upon and sell any other property claimed to be owned by the judgment-debtor. If the property attached under the attachment issued in the plaintiff's action was not the property of the defendant therein, then the plaintiff has not suffered any damage by reason of the failure of the sheriff to sell and convert such property into money, to be applied upon the plaintiff's judgment, and the sheriff's return *nulla bona* was not false, but true, and constituted a perfect defense. The plaintiff's position is not a tenable one. His contention is this, that as the sheriff seized certain items of property as property owned by the defendant in the attachment suit, and had made and filed a return in due form of law, stating therein that he had attached the property, and an inventory had been taken thereof as the property of the defendant, the return is, in this action, conclusive evidence against the sheriff, and he is estopped from setting up title to the property in a third person. In support of his argument, the learned counsel for the plaintiff cites the familiar rule that as against the sheriff, and those claiming

in privity with him, his return is conclusive as to his own acts, stated therein, and the same is conclusive evidence in favor of parties who claim an interest or right under the return, and that the sheriff and his deputies are precluded from contradicting it. (*Sheldon* v. *Payne*, 7 N. Y., 453; *Armstrong* v. *Garrow*, 6 Cow., 465.) This rule of evidence is not as broad in its application as claimed by the counsel for the plaintiff.

It has its limitations, and applies only to the acts of the officer, which he, in his return, states he has done and performed in his official capacity. So far as the return before us states that the sheriff had levied on certain articles of personal property, under and in pursuance of the process in his hands and upon which the return was indorsed, the same is conclusive, as evidence in this action, and he is estopped from denying that he did those things. His own acts, to which he refers and makes a statement are confined to the seizure of the property mentioned, and that the same was done in pursuance of the process. But, upon the question now litigated, as to who is the owner of the property seized, the return was not conclusive evidence in the plaintiff's favor that the defendant in the attachment suit was the owner. When an officer makes return to a process placed in his hands and files the same in the proper clerk's office, it becomes a record of the mode and manner in which such process was executed by the officer, and so long as it remains of record it is conclusive upon the officer as to his own acts under and by virtue of the process. The sheriff can always defend his return *nulla bona* to an execution placed in his hands, by proving the fact that the defendant, in the execution, has no property out of which the same could be made. If he levies on property, as the property of the defendant, and then makes a return of no goods found, then, in an action by the plaintiff for making a false return the burden of proof is cast upon him, and he must establish, as a matter of fact, that the property levied upon was not the property of the defendant, thus maintaining the truth of his return. If the defendant in the execution is not the owner of the property seized, and such property has been levied upon by mistake on the part of the sheriff, he becomes liable to the true owner for all damages he has sustained, and it would be a harsh and unjust law which would hold the sheriff liable to the plaintiff for the value of

the property levied upon in addition to his liability to the true owner. In this case the sheriff having, by his deputy, seized property as belonging to the defendant, by virtue of the attachment, the burden of proof was cast upon him to establish that such property did not belong to the defendant. (*Magne* v. *Seymour*, 5 Wend., 309.) He may justify a return *nulla bona* to an execution issued upon a judgment after he has levied on the property under the preliminary process of attachment, issued in the action before judgment. This precise question was up and directly passed upon in *Lummis* v. *Kasson* (43 Barb., 373), where all the essential facts of the case are parallel to those in this case. The question received a most careful consideration by Mr. Justice SMITH, whose opinion was concurred in by both of his learned associates and has been followed in subsequent cases. (*Dolson* v. *Saxton*, 11 Hun, 565; *Cromwell* v. *Gallup*, 17 id., 61.)

In *Paige* v. *Willet* (38 N. Y., 28), it is held that after levy under an execution the sheriff may prove, as a defense in an action for making a false return, that the goods levied upon were exempt from levy and sale under the statute. (See, also, *Wehle* v. *Connor*, 69 N. Y., 546.) Therefore, if the evidence tended to prove that the property, at the time it was attached, was owned by Humphrey & Aspinwal, the order of the trial judge, directing a verdict in the plaintiff's favor, cannot be upheld.

As has been already said, the plaintiff made out a *prima facie* case, and the sheriff, to defeat a recovery, attempted to prove that the title to the property was in Humphrey & Aspinwal. If, upon the undisputed facts, their title to the property fails, then the defense must fail. The sheriff has allied himself with their title and sets it up as a justification of his return of *nulla bona*. As the legal questions involved are the same as if the plaintiff's attachment had been delivered to the sheriff before he had made a levy upon the property by virtue of the attachments then in his hands, it is like a case where the sheriff has in his hands several attachments against different parties, and the plaintiff in one of the attachments points out to the sheriff property and requires him to seize it as the property of the defendant in his attachment, and the plaintiff in the other attachment directs him to seize it as the property of the defendant in his action. The sheriff, in such a case, must act at his peril.

The Gibbs & Sterritt Manufacturing Company was a Pennsylvania corporation.   The powers conferred upon it by the laws of that State and the mode and manner in which they should be exercised were not disclosed upon the trial.   It was doing an extensive business in the manufacture of goods and machinery and by one of its by-laws, the president, vice president, secretary and treasurer constituted the executive committee, and they, or a majority of them, were authorized to conduct the current business of the company.   Humphrey & Aspinwal, were merchants doing business in the county of Allegany, in this State, and were the duly appointed agents of the company for the sale of their goods in that locality.   Both of them were trustees of the corporation.   In November, 1882, they had in their possession, as such agents and for sale, the goods mentioned and other property of the same character of the then estimated value of about $40,000.   They were to receive a commission on sales made and it was the course of business adopted for them to remit to the company the cash proceeds of sales made, and to forward all notes and other paper received in lieu of cash, keeping an account on their own books of all business transactions.   At this time, Humphrey & Aspinwal claimed that they had made certain advances to the company in a sum not definitely ascertained, but there was no claim made that it would exceed the sum of $900.   Their commissions were not fully ascertained at that time, but it was admitted that they had in their hands, belonging to their principal, moneys equal to, if not in excess of all, unpaid commissions.   At the time of the sale and transfer of the property by the company to Humphrey & Aspinwal, the former was in a condition of great financial embarrassment, a fact well known to the executive officers of the company and also to Humphrey & Aspinwal.   On the day the bill of sale was made out there was a meeting of the board of trustees which was attended by Humphrey & Aspinwal, and all the members of the executive committee.   At that meeting a motion was made by Mr. Aspinwal, that the executive committee notify the creditors of the company to meet them, on the thirtieth of that month, for the purpose of considering the financial condition of the company and the same was carried.   Early in December proceedings were instituted in the courts of the State of Pennsylvania for the purpose of having the company declared insolvent and to wind up its affairs.

After considering all the evidence with attention, we are of the opinion that, at the time of the sale to Humphrey & Aspinwal, the company was insolvent, and that the fact was well known to them. Mr. Aspinwal was called as a witness by the defendant and seems to admit, without hesitation, that he knew of the financial condition of the company, and that his firm paid nothing to the company at the time of the sale and transfer of the property to them. It was conceded on the trial that the value of the property was at least $15,000. The bill of sale was executed by the president and treasurer, to which was attached the corporate seal of the company and was witnessed by its secretary, and that instrument recites that the consideration upon which the transfer was made was "the partial payment of company's indebtedness, and the sum of one dollar to it in hand paid at and before the delivery of the contract." The instrument contained a covenant in these words: "And the Gibbs & Sterritt Manufacturing Company do hereby covenant to, and with the parties of the second part, that it is the owner and has the right to sell and transfer the said property, and that the same is free and clear of all incumbrances and liens, and it hereby covenants to forever warrant and defend the sale hereby made."

Nothing was proved upon the trial tending to show, nor was it claimed by the defendants, that this instrument was intended as a mere security for any indebtedness which the company might owe the purchasers, or that, as between the parties, it was not intended to pass an absolute and indefeasible title to the property. In the face of the fact that the company was insolvent, and that the sale was made by the executive committee to two of the trustees of the company, we think that the transaction was correctly held to be void, as a matter of law, as against the creditors of the corporation. Conceding that it was intended to discharge a *bona fide* indebtedness of $900, owing by the purchasers to the company, it was, nevertheless, enormously below its actual value. The law pronounces the action of the executive committee as fraudulent and void, and no question was made for the consideration of the jury. While the corporation remained solvent and able to go on with its business in the usual and customary way, the trustees held the property in trust for the benefit of the shareholders. The instant the company became insolvent and unable to pay its debts the trustees

then held the property in trust primarily for its creditors, and they were without power to deal with the property between themselves for the purpose of paying off their own indebtedness against the company in preference to and in exclusion of other creditors. As trustees, holding the property in trust, they could not sell the property to themselves or any one of their number. The fact that the trustees were dealing with themselves concerning trust property, made the transaction fraudulent in law and void as against the creditors of the company. It would be in vain for Humphrey & Aspinwal, on the evidence, to attempt to sustain the transaction in a court of justice. The defendant is not in a situation, in this litigation with the plaintiff, to make any better title than they could. (*Koehler* v. *Iron Company*, 2 Black, 715; *Drury* v. *Cross*, 7 Wall., 299; *Hoyle* v. *Railroad Company*, 54 N. Y., 314; *Cumberland Coal Co.* v. *Sherman*, 30 Barb., 553; *Cook* v. *Berlin Woolen Mills*, 43 Wis., 433; *Corbett* v. *Woodward*, 5 Saw. C. C. Rep., 403; 22 Central Law Jour., 199; *Bennett* v. *Austin*, 81 N. Y., 308.)

The right of the plaintiff to a verdict in this case depended upon the fact alleged by the plaintiff, that the return to the execution was false. The form of the action as set forth in the complaint was for not paying over certain moneys alleged to have been collected by the sheriff upon the execution. But we think there was not such a variance between the proofs and the pleadings as to require this court to set aside the verdict, as the question of fact litigated was the one upon which the ultimate rights of the parties must depend.

The defendant took several exceptions to the reception of evidence given on the trial by the plaintiff. Such evidence was not necessary for the purpose of making out a *prima facie* case against the defendant, nor was it received until after the defendant had rested. As the defendant's proof failed to make out a case meeting the plaintiff's *prima facie* case, so as to require the evidence to be submitted to the consideration of the jury, he is not entitled to a new trial, although some of the evidence received over the defendant's objection was not competent. As the case was left to stand at the close of the proof he was without any defense.

It is unnecessary to make any reference to the assignment which Humphrey & Aspinwal made of the goods for the benefit of their creditors, for the defendant claims that that transaction was fraudu-

lent and void as against their creditors, and the plaintiff claims that they had no title whatever to transfer.

Motion for a new trial denied, and judgment ordered for the plaintiff upon the verdict.

SMITH, P. J., and BRADLEY, J., concurred; HAIGHT, J., not sitting.

Motion for new trial denied, and judgment ordered for the plaintiff on the verdict.