## GROAT *vs.* REES.

Before a chattel mortgage can be upheld as a valid security, where there has been no actual and continued change of possession, the party asserting its validity must establish, affirmatively, two propositions ; first, that the transaction was *bona fide;* and, secondly, that there was no intention to defraud creditors or purchasers.

It is not enough to show that the mortgage was given for a good and valid consideration. It is equally necessary to prove the absence of a fraudulent intent.

But, where it is admitted that the mortgage was given for a good and valid consideration, it is proper to submit the question to the jury whether it was not also executed without any intent to hinder or delay creditors.

And if there is no evidence that the mortgagor was indebted to any other person than the mortgagee, and there is nothing in the case to show that the mortgage was executed for any other purpose than to secure a *bona fide* debt, the jury will be justified in finding in favor of the validity of the mortgage.

APPEAL from a judgment of the Schenectady county court. The action was brought before a justice of the peace. The plaintiff claimed to recover the value of a horse, which had

Groat *v.* Rees.

been wrongfully taken from him by the defendant. On the trial it appeared that the horse had been owned by one Sitterly, who had, on the 9th of August, 1852, mortgaged him to the plaintiff to secure forty dollars, with interest, payable in thirty days, and that the mortgage had been filed in the proper office. Sitterly retained the possession of the horse until some time in the winter or spring after the execution of the mortgage, when he sold him, and, after passing through the hands of several owners, he came into the possession of the defendant. It was admitted that the mortgage was given for a good and valid consideration. The justice rendered a judgment for the plaintiff for $18.88 damages and costs. From this judgment the defendant appealed to the county court, and that court reversed the judgment. The plaintiff appealed to this court.

*Thomas Smith*, for the plaintiff.

*C. B. Cochrane*, for the defendant.

*By the Court*, HARRIS, J. The plaintiff claimed the horse in question as mortgagee. The defendant claimed title as a subsequent purchaser in good faith. Upon the execution of the mortgage, there was no change of possession. The mortgagor continued in possession of the horse until it was sold. Upon this state of facts the law declared the mortgage void as against the defendant, unless upon the trial the plaintiff could make it appear " that the mortgage was made in good faith, and without any intent to defraud the creditors of the mortgagor or subsequent purchasers in good faith." (2 *R. S.* 136, § 5.) Before the mortgage could be upheld as a valid security, the plaintiff was required to establish, affirmatively, two propositions : first, that the transaction between the parties to the mortgage was *bona fide*, and then, that there was no intention to defraud creditors or purchasers. It was not enough to show that the mortgage was given for " a good and valid consideration." It was equally necessary to prove the absence of a fraudulent intent. It has been well said, that these are distinct and independent

facts, and that the proof of the one in no degree alters or lessens the obligation of proving the other. (*Randall* v. *Parker*, 3 *Sandf. S. C. R.* 69.)

But while it is necessary to prove both facts, in order to uphold the mortgage, the same evidence which establishes the one may also be pertinent with reference to the other. I cannot say that in this case the admitted fact that the mortgage was executed upon a good and valid consideration did not tend to prove the absence of a fraudulent intent. I think it did. I should not feel at liberty to withhold such testimony from the consideration of a jury.

I am aware that in *Randall* v. *Parker*, above cited, where Mr. Justice Duer has discussed the subject with admirable ability and clearness, the opinion is expressed that even where the evidence is sufficient to show good faith in the transaction, the court might direct a verdict for want of evidence to rebut the presumption of fraudulent intent. The question was not before the court for judgment, and I am persuaded that, upon consideration, the position would not be insisted on, even by that enlightened judge himself. Though the statute requires the party who asserts the validity of a sale or mortgage unaccompanied by a change of possession, to prove both the good faith of the transaction and the absence of any fraudulent intent, yet it is not quite easy to conceive of a case where there has been entire good faith between the parties, which is, nevertheless, tainted with fraud. At the least, the evidence of good faith furnishes some proof to be submitted to a jury, upon the question of fraudulent intent. In some cases, as where a mortgage is executed to secure a loan of money made at the time, and where the transaction is unattended with any circumstances of suspicion, the same evidence which proves good faith might also be satisfactory upon the question of fraudulent intent. In the case under consideration, when the plaintiff proposed to give evidence to show the consideration of the mortgage, the defendant waived the necessity of such evidence by admitting that the mortgage was given for a good and valid consideration. In effect, it was admitted that the mortgage was given in good

faith. Can it be said that such an admission has no bearing upon the question of fraudulent intent? or, rather, was not the jury who tried the case before the justice, justified in finding, from this very fact, that the mortgage was also executed without any intent to hinder or delay creditors? There was no evidence that the mortgagor was indebted to any other person than the plaintiff. There is nothing in the case to show that the mortgage was executed for any other purpose than to secure a *bona fide* debt. Under these circumstances, I am of opinion, not only that the question was properly submitted to the jury, but that the verdict is sustained by the evidence. The judgment of the county court should, therefore, be reversed, and that of the justice affirmed.

[ALBANY GENERAL TERM, December 4, 1854. *Wright, Harris* and *Watson*, Justices.]