QUINN & NOLAN BEVERWYCK BREWING COMPANY, APPELLANT, *v.* JOHN W. HART, AS SHERIFF OF THE COUNTY OF ALBANY, RESPONDENT.

*Fraudulent chattel mortgage — when a mortgagee taking possession thereunder cannot hold against a levy by creditors of the mortgagor.*

Upon the trial of this action, brought to recover the possession of certain chattels, it appeared that the plaintiffs took possession of the chattels on December 8, 1886, under a chattel mortgage given by one McGowan to the plaintiffs in May, 1885, which was fraudulent, as against the creditors of McGowan, by reason of an agreement to permit the mortgagor to deal in the property for his own benefit.

*Held,* that the plaintiff could not hold it against a levy made by the sheriff, on January 28, 1888, under an execution issued upon a judgment recovered against McGowan on September 29, 1886.

*Dutcher* v. *Swartwood* (15 Hun, 34); *Stimson* v. *Wrigley* (86 N. Y., 332); *Sperry* v. *Baldwin* (46 Hun, 120) followed; *Hauselt* v. *Harrison* (105 U. S., 401) distinguished.

APPEAL from a judgment of the Albany County Court, entered upon the trial of the action by the court without a jury.

This action was brought to recover the possession of certain chattels. On the 28th day of January, 1887, the defendant, as sheriff of Albany county, under a judgment docketed September 29, 1886, in Columbia county, in favor of Frederick C. Herbs and Magnus D. Herbs, against one Peter McGowan for $181.37, and docketed in Albany county, December 4, 1886, levied on certain chattels in the city of Albany. They were the fixtures in a saloon kept by said Peter McGowan, the judgment-debtor, at No. 3 Howard street, in the city of Albany. It was found, as a fact, that on the 8th of December, 1886, the judgment-debtor, McGowan, had delivered the property to the plaintiff, under a chattel mortgage, and that this was followed by an actual and continued possession in plaintiff from that time until the levy by defendant. It appeared upon the trial that the mortgagor continued to sell the mortgaged property after the mortgage was given and used the proceeds in his business and for living expenses.

*Rosendale & Hessberg*, for the appellant.

*Hanover & Cochrane*, for the respondent.

LEARNED, P. J. :

The learned county judge who tried the case without a jury found as a fact that the taking possession of the property by the plaintiff on the 8th of December, 1886, and the possession had by the plaintiff till the levy and all acts of authority by the plaintiff and delivery by the mortgagor were taken, done, made and executed solely by virtue of the chattel mortgage, and not by any other authority from or agreement with McGowan. Unless this finding is without evidence or against the weight of evidence, it is conclusive. In support of this finding there is the presumption that the possession of a mortgagee is under the mortgage. There is the fact that every power and authority and all possession exercised by the plaintiff after December eighth, were fully authorized by the mortgage, so that nothing done on that day gave any greater rights to the plaintiff than it had before. The mortgage duly authorized plaintiff to take possession, sell at private sale and apply the proceeds. The transaction of December ninth gave nothing more. There was no valuation of the property and application of it at a fixed price as a payment. There was no release of the mortgage. Further, there is a question by defendant of plaintiff's agent: "After the mortgage was given, when did you and McGowan have your first conversation in regard to it? A. The trustee delivered up possession to me." Similar testimony is given by McGowan. There is also the testimony of plaintiff's agent given on supplementary proceedings, and now offered to contradict his present testimony, in which he says he was to apply the proceeds towards the chattel mortgage. There is also the further circumstance that McGowan made no new transfer or bill of sale. He simply handed plaintiff the key of the saloon, which he rented, and said, I was going to give the place up, take the stuff that is there, sell it and apply proceeds on account." This was the act of a man surrendering mortgaged property ; not that of one making a new conveyance. We think there is no reason to reverse the judge's finding of fact. The mortgage given by McGowan to plaintiff May, 1885, was duly filed, and was renewed May, 1886. It was not claimed to be void on its face. But it was held by the judge to be void on account of an agreement that the mortgagor might sell the mortgaged property and apply the avails to his own use, without accounting to the

mortgagee. (*Potts* v. *Hart*, 99 N. Y., 168.) Under the decision in that case and on the testimony given in this, we think the learned judge was right in holding the mortgage void as to creditors. The facts in the two cases are quite similar. The question thus remains, if a chattel mortgage is executed, which is fraudulent against creditors by reason of an agreement to permit the mortgagor to deal in the property for his own benefit, and if the mortgagee subsequently, by virtue of that mortgage, takes possession of the property, can he hold it against a levy of a creditor, thereafter made, whose debt occurred before the mortgagee took possession? It was distinctly decided that he could not in *Dutcher* v. *Swartwood* (15 Hun, 34). In *Stimson* v. *Wrigley* a similar question was discussed. There a person had sold goods without delivering them. Meantime he became indebted. Afterwards he delivered the goods and subsequently a creditor (in that case an officer with a tax warrant), levied. The same doctrine was applied at Special Term. The case was affirmed at General Term, and was affirmed in the Court of Appeals (86 N. Y., 332), and in the opinion there, at page 339, the opinion of the Special Term, and also the opinion in *Dutcher* v. *Swartwood*, are approved. Neither in that opinion nor in that of *Dutcher* v. *Swartwood* do the court decide on the effect of a delivery by the mortgagor of the goods in payment of the debt.

In *Sperry* v. *Baldwin* (46 Hun, 120) a chattel mortgage was held void by reason of an oral agreement that the mortgagor might sell for his own benefit. It was executed October 11, 1883. Three days afterwards the mortgagee took actual possession. In March, 1884, the plaintiffs recovered judgment on an indebtedness contracted prior to the mortgage and levied on the mortgaged property. It was held that plaintiffs were entitled to satisfy their execution out of the mortgaged property.

The plaintiff's counsel cites *Hauselt* v. *Harrison* (105 U. S., 401), in which, speaking of a lien without change of possession, the court say, that, if followed by delivery of possession before the rights of third persons have intervened, it is good absolutely.

Now the difficulty with that case in application to our statute is this: That the rights of third parties interfere when they become creditors, and not merely when they recover judgment and issue execution. The creditors mentioned in the statute are simple con-

tract creditors. (*Parshall* v. *Eggert*, 54 N. Y., 18.) Under that decision, therefore, the rights of Herbs intervened before the delivery of the goods to plaintiff. Although it is true that Herbs could not enforce these rights till the recovery of judgment and issue of execution. But the statute does not permit a person to cover up and protect his property by a fraudulent mortgage, and, while so doing, get credit and make purchases from others, and then give validity to the mortgage by a delivery of the mortgaged property, and thus defraud the creditors who have trusted him on the strength of his apparent ownership.

Judgment affirmed, with costs.

INGALLS, J., concurred.

Judgment affirmed, with costs.