### DRURY v. WILSON, Sheriff.

(Supreme Court, Appellate Division, Third Department. April 14, 1896.)

1. FRAUDULENT CONVEYANCES—CHANGE OF POSSESSION.

A purchaser under a bill of sale, made late in the afternoon, took the keys of the store, locked the door, and, early the next morning, opened the store, engaged the former owner to act temporarily as his clerk, and went away. *Held* an immediate change of possession; effective against attaching creditors of the seller.

2. SAME—PREFERRING CREDITORS.

A failing debtor may prefer a bona fide creditor by a bill of sale.

Appeal from judgment on report of referee.

Action by Alfred C. Drury against L. Howard Wilson, late sheriff, to recover personal property. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before PARKER, P. J., and HERRICK, LANDON, MERWIN, and PUTNAM, JJ.

Frank N. Cleaveland (Ledyard P. Hale, of counsel), for appellant. A. Z. Squires (John C. Keeler, of counsel), for respondent.

PUTNAM, J. The plaintiff claimed title to the property described in the complaint, under a bill of sale from one Murray N. Ralph. The defendant, in his answer, alleged that said Ralph, being at the time insolvent, executed said instrument for the purpose of hindering, delaying, and defrauding his creditors. The question as to his intent was one of fact, and the learned and experienced referee before whom the case was tried has found in favor of the plaintiff. After a careful examination of the testimony, we are of the opinion that it sustains his conclusions. It is not denied that the transfer of Ralph to the plaintiff was made to pay honest debts of the former, amounting to $3,700 besides the interest thereon. The bill of sale was executed late in the afternoon of December 25, 1894. Immediately after the purchase, plaintiff took the keys of the store, locked the door, and the next morning, at an early hour, opened the store, making a temporary arrangement with Ralph to act as his clerk. Shortly afterwards, while plaintiff was absent from the store, the defendant levied upon and took possession of the property in question. The evidence clearly justified the finding that there was an immediate change of possession under the bill of sale.

The defendant failed to show that the plaintiff paid such an inadequate price for the property as to indicate a fraudulent intent. The debts assumed by him amounted to $3,700, besides interest. The referee found the value of the goods to be $3,463.50; $200 was collected from the accounts assigned at the same time,—in all, $3,663.50. It was not shown that the real estate which Ralph at the same time conveyed to the plaintiff was of any value. The evidence tended to show that it was not worth any sum over the incumbrances thereon. The value of the claim against Eldredge and Seymour, which was then in litigation, does not appear. The plaintiff and Ralph might naturally and properly bear in mind that, though the goods were thought to be worth $3,600, yet the amount that the former would receive therefrom after paying rent of store and other expenses would be far less than that sum. It is certainly doubtful whether the plaintiff, if he had been allowed to dispose of the goods, and realize all that he was able to from property conveyed to him by Ralph at the time in question, would have collected more than the amount of the debts he assumed.

· There was a conflict in the evidence as to the value of the property converted by the defendant. We are not authorized to overrule the finding of the referee on the question of fact submitted to him as to such value.

It being now settled that a failing debtor may prefer a creditor by a bill of sale (London v. Martin, 79 Hun, 229, 29 N. Y. Supp. 396, and cases cited), we see no reason to doubt that a correct conclusion was reached by the referee, and that the plaintiff, under the bill of sale in question, obtained a valid title to the property for the value of which he recovered judgment. Neither the ruling of the referee nor the trial requires a reversal of the judgment.

Judgment affirmed, with costs. All concur.