(8 App. Div. 375)

APPLEBY v. HOLLANDS.

(Supreme Court, Appellate Division, Fourth Department. July 30, 1896.)

REPLEVIN—PLEADING—COMPLAINT.

A complaint which alleges that plaintiff was lawfully possessed of certain chattels, and that on a certain day defendant wrongfully took them from plaintiff's possession, and has ever since unjustly detained them, and demands return of the property, sufficiently alleges a cause of action of replevin in the cepit.

Appeal from judgment on report of referee.

Action by Thomas H. Appleby against George Hollands, as sheriff of the county of Steuben. There was a judgment in favor of plaintiff, and defendant appeals. Affirmed.

The referee found as conclusions of law, viz.: "(1) That the damages to the plaintiff are of the value of said property at the time of the trial, to wit. $17,661.62, and the interest thereon from the time said property was taken by defendant on the 20th day of October, 1893, to the date of this report, to wit, $1,692.56; total $19,354.18. (2) That the plaintiff is entitled to judgment awarding to him the possession of the property described in the said amended complaint herein, with the sum of $1,692.56 for the wrongful detention thereof; and also for the sum of $17,661.62, the sum fixed as the value of said property if possession thereof is not delivered to the plaintiff, together with $1,692.56, for the wrongful detention thereof. with the costs and disbursements in this action." The referee found as a fact: "(1) That on the 20th day of October, 1893, the plaintiff was in the lawful and actual possession of the property described in the said bill of sale and said amended complaint. (2) That on· the said last-mentioned date the defendant wrongfully took and removed the said chattels from the said possession of this plaintiff. and that he has ever since wrongfully withheld and detained the possession thereof from this plaintiff. (3) That after the said wrongful taking of said property, and on or about the 4th day of November, 1893, this plaintiff duly replevied the said property from the defendant." He also found that the defendant required a return of the property. and it was delivered to the defendant. Also that some time after the delivery of said property to defendant, as aforesaid, he sold all of the same. Exceptions were filed to the referee's report. Plaintiff, in his complaint, alleges that he was lawfully possessed of the chattels described in the complaint and that "on the 20th day of October, 1893, at Bath, N. Y., the defendant wrongfully took said chattels

from the possession of the plaintiff, and ever since has unjustly detained the same, to the plaintiff's damage of seven thousand dollars." The complaint contained the usual demand for the return of the property. The answer contains a denial of the complaint, and an averment that the chattels are not, and were not the property of the plaintiff, "nor in his possession, but are the property of one Fred Moris, and were in the possession of your defendant by virtue of levies made thereon under certain executions in the hands of your defendant issued upon judgments recovered against the said Fred Moris." The answer also alleges that the plaintiff's claim of title and possession "is founded upon certain transactions had between the plaintiff and the said Fred Moris, and a certain organization or association purporting to be a domestic corporation known as the Fred Moris Company, which said transaction purported to convey from the said Fred Moris to the said the Fred Moris Company, and from the said the Fred Moris Company to the plaintiff herein the title to or some interest in the property in said complaint described, which dealings and transactions between the said Fred Moris, the said the Fred Moris Company, and the said plaintiff herein, were made for the purpose of hindering, delaying, and defrauding the creditors of said Fred Moris, and so done with the knowledge, aid, and connivance of said plaintiff, and are fraudulent, and the said transfers, if any, were thereby rendered void as to the creditors of the said Fred Moris."

Argued before HARDIN, P. J., and FOLLETT, ADAMS, WARD, and GREEN, JJ.

J. L. Slater, for appellant.

M. Rumsey Miller, Monroe Wheeler, and Reuben R. Lyon, for respondent.

HARDIN, P. J. Abundant and satisfactory evidence was given to warrant the finding of fact made by the referee to the effect that on the 20th day of October, 1893, the plaintiff was in the lawful and actual possession of the property described in the complaint; and the evidence satisfactorily establishes that at the last-mentioned date the defendant took and removed the said chattels from the possession of the plaintiff; and the defendant continued to withhold the possession thereof from the plaintiff until the plaintiff, by proceedings taken in this case, replevied the property from the defendant. Drury v. Wilson, 4 App. Div. 232, 38 N. Y. Supp. 538. The complaint contained language fit and appropriate to uphold an action of replevin in the cepit. Griffin v. Railroad Co., 101 N. Y. 352, 4 N. E. 740; Wheeler v. Lawson, 103 N. Y. 40, 8 N. E. 360; Stowell v. Otis, 71 N. Y. 36. In Johnson v. Carnley, 10 N. Y. 570, it was held, viz.:

"An actual possession of the property by the plaintiff, coupled with an equitable interest therein at the time of the seizure by the sheriff, is sufficient to maintain the action, and to entitle the plaintiff to a return of the property, although the general property and right of immediate possession be at the same time in a stranger, the defendant showing no privity between himself and such stranger."

That case was followed in Frost v. Mott, 34 N. Y. 257, in which case it was said:

"Actual possession, accompanied by an equitable interest in the plaintiff at the time of the seizure by the officer, is sufficient to maintain the action, and entitle the plaintiff to a return of the property."

It was found upon adequate evidence that on the 13th of October the property described in the complaint was sold, transferred, and

delivered to the plaintiff. The sale to the plaintiff was by the Fred Moris Company, and the bill of sale which was executed by that company to the plaintiff on that day is set out in the findings of fact made by the referee. The plaintiff's evidence showed that after the execution of that bill of sale he took possession of the property, and was in peaceable possession of it when the sheriff came to the place where it was stored, and forcibly took possession of it from the plaintiff. In the bill of sale made by the Fred Moris Company to the plaintiff there was a reservation of the title to the said property "until the purchase price thereof is fully paid, and to that end it is further agreed that the said property, and the whole thereof, shall be and remain the property of the first party until the said purchase price is paid; and that as fast as the said second party shall sell the property aforesaid he shall pay the avails thereof unto the party of the first part, or its assigns, to be applied upon the purchase price thereof. Said second party agrees to pay for the property aforesaid the sum of fifteen thousand one hundred twenty-eight and $46/100$ dollars ($15,128.46) according to the conditions of a promissory note this day made by him to the said Fred Moris Company." A fair implication from that statement, as well as from the evidence which was given at the trial, is to the effect that the Fred Moris Company was the owner of the property at the time of executing the bill of sale. Nothing appears in the evidence to impeach the title or ownership of that company to the property at the time it entered into the bill of sale mentioned. It must be assumed, therefore, that it conferred upon the plaintiff an equitable title and interest in the property, and authorized the plaintiff to receive, have, hold and maintain possession of the property against every one except the Fred Moris Company, or some party claiming title or interest in or through that company. The evidence does not disclose that the defendant was entitled to possession, or any title or interest in the property derived from the Fred Moris Company. The defendant in no way proved that he held an execution upon a judgment, or in any other way represented the creditors of the Fred Moris Company. Nothing appears in the evidence that enables the defendant to question the validity of the transfer by the Fred Moris Company to the plaintiff; nor did he give any evidence that the note mentioned in the bill of sale had not been paid; nor when the note came due. It is not unreasonable, therefore, to presume that the note in question was payable on demand (Cornell v. Moulton, 3 Denio, 12), nor that the note had been paid prior to the taking possession of the property in question from the plaintiff. If that presumption is followed to its legitimate end, it would seem to justify an inference that the plaintiff had become the owner of the property.

2. It is contended by the appellant that the transfer made to the plaintiff through the medium of the bill of sale "was, as regards creditors, void." Our attention is directed to a section of the statute of frauds (4 Banks & Bro. 8th Ed. p. 2591, § 5) which provides that:

"Every sale made by a vendor * * * by way of mortgage or security or upon any condition whatever, unless the same be accompanied by immediate delivery, and be followed by an actual and continued change of possession, of the things sold, mortgaged or assigned, shall be presumed to be fraudulent and void as against creditors of the vendor, or the creditors of the person making such assignment or subsequent purchasers in good faith; and shall be conclusive evidence of fraud, unless it shall be made to appear, on the part of the persons claiming under such sale or assignment, that the same was made in good faith and without any intent to defraud such creditors or purchasers."

First, we find no evidence in the case that the defendant was a creditor of the vendor, to wit, the Fred Moris Company, or that he was a purchaser from that company; and, secondly, as matter of fact the referee has found, in effect, that the possession and interest acquired by the plaintiff was in good faith, and without any intent to defraud the creditors of the vendor. If proof had been given of the judgment under which the defendant claimed to have an execution against Fred Moris, that fact would not have established that the defendant represented creditors of the Fred Moris Company. Applying the principle that questions arising under the statute to which reference has been made are questions of fact (Blant v. Gabler, 77 N. Y. 461), it may be said that the evidence in the case° is insufficient to indicate any fraud on the part of the vendor of the property or of the vendee. Nor does the evidence indicate that the defendant was a creditor, or represented a creditor of the plaintiff. The only claim made by him was that he was acting under executions against one Fred Moris individually, and not against the plaintiff, or his vendor, and therefore that would furnish no protection. Wheeler v. Lawson, supra. In Hoyt v. Van Alstyne, 15 Barb. 568, it was said that proof that the party was in possession claiming title is sufficient prima facie evidence to enable him to maintain the action, and no one but the true owner, or one connecting himself with the true owner in some way, is at liberty to impeach his title. An execution only justifies the officer in taking the property of the defendant therein which is liable to be levied upon and sold as the property of such defendant. It is contended by the appellant that after the bill of sale, which was introduced in evidence by him, the burden was thrown upon the plaintiff to show himself a bona fide holder of the property, and that the conditional sale was made in good faith and without intent to hinder, delay, or defraud creditors. What has already been said we think sufficiently answers that position. However, he calls our attention to Groat v. Rees, 20 Barb. 26. That case is unlike the one before us, as in that case the defendant claimed title as a subsequent purchaser in good faith. Our attention is also invited to Stimson v. Wrigly, 86 N. Y. 333. We think it is not applicable to the case in hand, as there the contest was over the validity of a sale by a creditor who was in a position to successfully contest the sale made to the plaintiff. Nor does Tilson v. Terwilliger, 56 N. Y. 273, aid the contention of the appellant. That was an action between the vendee and a creditor of the vendor to determine title of the former to the property purchased, and in that case it was held that the question was one of

fact for the jury. Nor does May v. Walter, 56 N. Y. 8, sustain the contention of the appellant. In that case the plaintiff's title to the property which he had purchased of the debtor was challenged by the defendant, who was sheriff of the county of Kings, under an attachment against Giesman, and the sheriff represented a creditor of Giesman; and it appeared in that case that the goods which the plaintiff had purchased of Giesman had not come into the plaintiff's possession until after the attachment had been issued under which they were taken by the defendant. We are of the opinion that the case was properly disposed of by the learned referee, who delivered an interesting opinion upon several questions arising upon the hearing.

Judgment affirmed, with costs. All concur.