GEORGE GRANT RESPONDENT, *v.* SANFORD P. CHAP-
MAN, SHERIFF, APPELLANT.

*General Assignment for benefit of Creditors—Right to sell on credit.*

An assignment for the benefit of creditors is not rendered invalid by pro-
viding that the assignee shall not sell the assigned property upon credit.

When a portion of the assigned property had previously been levied upon
by attachment, the assignor may provide for giving a preference to the attach-
ing creditor, without making void said assignment.

CLERKE, J.—This is an action brought by the Plaintiff as assignee
of Ambrose W. Barnes, under an assignment in trust for the
benefit of creditors, to recover the value of goods amounting to
$3,000 taken by the Defendant. He justified under a judgment
and execution in favor of Horace B. Clafflin and others against
the said Barnes, alleging that the assignment was fraudulent.

The assignment contained these provisions:

" The said party of the second part shall take possession of all
and singular the goods, chattels, property, and effects hereby
assigned, and sell and dispose of the same upon such terms and
conditions as in his judgment shall appear best, but not upon
credit," etc.; and " shall first pay and disburse all the just and
reasonable expenses, costs, and commissions of executing and car-
rying into effect the assignment;" and " all rent due or to become
due on the store now occupied by the party of the first part, until
the goods contained therein and thereby assigned can be disposed
of."

Shall also with the net proceeds, etc., first pay all debts " desig-
nated in the schedule hereto annexed, marked Schedule B," and
which was the first and only preferred class made by the assign-
ment.

In Schedule B is the following provision:

" The amount that may be found due the sheriff of Madison
county, by virtue of attachment in the Supreme Court in an action
wherein Charles Bridge is Plaintiff, and Ambrose W. Barnes is

Defendant, in which the Plaintiff claims $432.08, provided the attachment proceedings are sustained and are a lien upon the goods in the store."

It appeared in evidence that, immediately after the assignment, the assignee hired four clerks at a monthly salary of about $98 per month, and continued the business of the store, selling only at retail for about two months, and until the goods were taken in these proceedings. See folios 65, 66, and 67.

It also appeared, that, in the action of Charles Bridge against Ambrose W. Barnes, a judgment was recovered by Bridge for $537.85 upon an offer made by Barnes on the 11th day of December, 1861. The original claim in this suit was $432.08, and property of the appraised value of $1,020 was seized and held under the attachment.

I. It is expressly held in several cases by this Court, that an assignment is not void for withholding from the 'assignee any discretion to sell the trust property upon credit. In Carpenter v. Underwood (19 N. Y. 520),

COMSTOCK and SELDEN, JJ., dissented upon this point; all the other judges concurring; and, I believe, the principle has never since been questioned. In Nicholson v. Leavitt (2 Seld. [6 N. Y.] 510), an assignment, giving authority to sell for cash or upon credit, or partly for cash and partly upon credit, was adjudged void. It is contended, because the assignee actually sold the property assigned in the store by retail, that this fact, taken in connection with the language of the assignment, shows the purpose of the assignor was to hinder and delay creditors. But I certainly cannot see that this language authorizes any delay of any description, except such as is indispensably incident to such a trust. No powers are vested in the trustee, and no conditions are prescribed to him which could have any effect to vary or modify the duties with which the law invests him. He is directed to take possession of the property, and to sell and dispose of the same upon such terms and conditions as in his judgment shall appear best, but not upon credit. The only restriction is that he shall not sell upon credit; and we have already seen that this is not objection-

able.    As to the rest of the language employed, it directs him to do only what he could have done without any express direction.

II.  The other objection is, that the clause in Schedule B, authorizing a preference to be given for the amount of the attachment levied upon a portion of the assigned property, necessarily hinders and delays creditors, and therefore makes the assignment void. But this is more or less the effect of every assignment of this description ; yet they are sustained where no unnecessary delay is intended.    Here the assignee is directed, as in the previous clause which we have been considering, to do precisely what he would have authority to do without any such provision.    If the attachment should be sustained by the court, it would be a lien, and the assignee would not only be at liberty to discharge the assigned property from it, but he would be under compulsion to pay it. The  assertion that, because the provision is conditional and contingent, it makes the assignment void, is not  tenable.    It could not be otherwise than conditional and contingent, as the validity of the attachment was questioned, and no positive direction could have been given in relation to it until the decision of the Court should be ascertained.    The remark so often made applies to this as well as to the other portions of this assignment, to which objection has been made.    A provision in mere affirmance of the legal obligations of the assigeee, authorizing him in terms to do precisely what the law, if the assignment was silent on the subject, would require him to do, could not affect the validity of the instrument.    In my opinion none of the objections are tenable.

The judgment should be affirmed, with costs.

JOEL TIFFANY,
State Reporter.