MARY A. MUMPER, as Administratrix, etc., Appellant, *v.* BENJAMIN F. RUSHMORE, as Sheriff, etc., Respondent.

Notwithstanding a levy under an execution upon his personal property, the judgment debtor remains owner; and can convey title, subject to the lien created by the execution.

An assignee for the benefit of creditors, of the debtor, acquires a title subject to such lien, good against all persons until the assignment is impeached for fraud.

Where the property is in the possession of the sheriff at the time of the assignment, the transaction is not within the provision of the statute of frauds (2 R. S., 136, § 5), which requires an immediate delivery of goods sold; that applies only to a sale of goods in the vendor's possession or under his control.

Defendant, in January, 1877, as sheriff levied under an execution upon certain goods belonging to P., the judgment debtor, and took possession. On February 3d, 1877, P. made a general assignment for the benefit of creditors. An attachment against the property of P. was issued to defendant, February 6th. He sold sufficient of the property to satisfy the execution, and then, upon demand of the assignee and refusal of the attachment creditors to indemnify, delivered the residue to the assignee and returned *nulla bona* to the attachment and the execution issued upon judgment in the attachment suit. In an action for a false return there was evidence that defendant assumed to levy under the attachment; *held*, that by surrendering the property without calling a jury to pass upon the title, as prescribed by the statute (2 R. S., §§ 4, 10), defendant assumed the burden of showing that the property was not subject to the attachment; but that the facts established that defense; and, being undisputed, the complaint was properly dismissed.

(Argued November 12, 1879; decided November 25, 1879.)

APPEAL from judgment of the General Term of the Supreme Court, in the second judicial department, affirming a judgment in favor of defendant, entered upon an order dismissing plaintiff's complaint on trial. (Reported below, 14 Hun, 591.)

This action was brought against defendant as sheriff of the county of Queens, for an alleged false return to a warrant of attachment issued to him, against the property of one Peck, and also to the execution issued upon the judgment in the attachment suit.

The attachment was issued to defendant February 6th, 1877. At that time he had in his possession a large amount of personal property of said Peck, which had been levied upon January 8, 1877, under and by virtue of an execution against Peck. On February 3d, 1877, Peck made a general assignment of all his property for the benefit of creditors. Defendant sold under the execution February 14, 1877. After he had sold sufficient to satisfy the execution, the assignee demanded possession of the residue 'and upon refusal of the attaching creditors to indemnify defendant turned over the property to said assignee, and made return of *nulla bona* to the attachment and the execution.

*Frank Crooke*, for appellants. There being no delivery of the chattels by Peck to the assignee, and no change of possession, no title passed to him. (2 R. S., 136, § 5.) The assignee parted with no value, and was not a purchaser for a valuable consideration. (*Curtis* v. *Leavitt*, 15 N. Y., 195; *Van Heusen* v. *Radcliff*, 17 id., p. 580; *Slade* v. *Vanvechten*, 11 Paige, 21; 2 R. S., 136, § 5; *Randall* v. *Parker*, 3 Sand., 69; 4 Hill, 271; 6 id., 628.) Plaintiffs as creditors attaching property in the possession of the debtor or his bailee, acquired a specific lien thereon, and are entitled like a judgment creditor, to impeach the colorable title of third persons. (*Frost* v. *Mott*, 34 N. Y., 253; *Rinchey* v. *Stryker*, 26 How., 75; 31 N. Y., 45; *Hall* v. *Stryker*, 27 id., 596.) The defendant having attached Peck's property, then in his (defendant's) hands under the levy in favor of the bank, it was his duty to safely keep the same, or so much thereof as was not sold under the bank's execution. (Code, 231, 232; *Learned* v. *Vredenburgh*, 7 How., 379; Rev. Stat., pp. 4 and 5; *Scheit* v. *Baldwin*, 22 How., 278; *Thompson* v. *Culver*, 24 id., 826; *McKay* v. *Harrower*, 27 Barb., 463; [app'd, *Smith* v. *Orser*, 42 N. Y., 132]; S. C., 43 Barb., 187.) The sheriff had no right to require indemnity under the attachment after claim made, until an inquisition found the title to be in the claim-

ant. (2 R. S., 5, §§ 10, 11; 3 Hill, 386; *Batchellor* v. *Schuyler*, 4 N. Y., 173.)

*Samuel Hand*, for respondent. By the assignment dated February 3d, 1877, and the acceptance of the trust by the assignee, all of the property of the assignor became vested in the assignee subject to the levy of the sheriff under the Brooklyn bank execution. (*Syracuse R. R. Co.* v. *Collins*, 57 N. Y., 641; *Thrasher* v. *Bentley*, 59 id., 649; *Brennan* v. *Wilson*, 71 id., 502.) The sheriff had only a special property in the goods levied upon — the general property being in the debtor until the execution was satisfied. (*Pierce* v. *Kingsmill*, 25 Barb., 631.) Even if the sheriff attached all of the property of Peck, he was justified, when he discovered that the property was in fact the property of the assignee, to return the attachment and execution *nulla bona*. (*Blovin* v. *Bleakley*, 23 How., 124; 1 Wend., 92; 22 id., 622.) It was entirely competent for plaintiffs to waive the calling of a jury, and this was done by their refusal, without condition, to execute a bond. (*Chamberlain* v. *Biller*, 18 N. Y., 115.) The sheriff's return of no property to the attachment, and of *nulla bona* to the execution issued upon the judgment under the attachment, is *prima facie* evidence of the facts stated. (*Bechstein* v. *Sammis*, 17 Supt. Ct. R., 585.)

DANFORTH, J. There is no ground for this appeal. Notwithstanding the levy, the judgment debtor remained owner of the property and could convey the title subject only to the lien created by the execution. And this was so although the sheriff levied on all the property in question, as the evidence tends to show he did. It is true the assignee is not a purchaser for value within the meaning of the statute which protects the title of a *bona fide* purchase made before actual levy, (2 R. S., 365, § 17), but he nevertheless acquired a good title subject to the payment of the debt due the execution creditor, or to the sheriff's lien for the collection of the debt, and one which, until impeached for fraud, is

good against all persons. (*Grant* v. *Chapman*, 38 N. Y.,
293.)   Moreover, as the property was in the sheriff's hands
and not in the possession of the debtor, the transaction was
not within the purview of the statute (2 R. S., p. 136, § 5)
which requires an immediate delivery of goods sold, for that
applies only to a sale made by a vendor of goods, etc., in his
possession or under his control.   It is contended, however,
that as the attachment came to the sheriff's hands after the
levy on the execution and before the sale, there was a con-
structive levy notwithstanding the assignment, and this
position is supposed to be fortified by *Slade* v. *Van Vechten*
(11 Paige, 21).   But it is not.   The executions therein
considered were all issued prior to the transfer, and the
court held that the lien acquired by them, although no levy
was made in fact until after the assignment, was superior to
the assignee's title.   This rule is well settled, *Warner* v.
*Paine* (3 Barb. Ch'y., 630); *Birdseye* v. *Ray* (4 Hill, 158);
*Ray* v. *Birdseye* (5 Denio, 619), but does not aid the plain-
tiff, for the facts on which it rest do not fit his case.   There
is indeed, evidence that the sheriff assumed to levy the
attachment, and it is therefore contended by the appellant
that he should have kept the levy good and not surrendered
until a jury had passed upon the claimant's title, as is pro-
vided by section 10, 2 Revised Statutes, p. 4.   Had the
defendant followed this statute he would have been protected
against this action.   By not doing so, he assumed the bur-
den of showing, when sued, that the property was not subject
to the attachment, *Denton* v. *Livingston* (9 J. R., 96);
*Magne* v. *Seymour* (5 Wend., 309) for in that case he had a
right to release it.

It follows from the conclusion reached upon the proposi-
tion first considered, that the facts existed on which the
defense might rest, and as they were undisputed, the trial
court properly dismissed the complaint.

The judgment should be affirmed, with costs.

All concur.

Judgment affirmed.