### DONOHUE *v.* JACKSON. *et al.*

*(Supreme Court, General Term, Second Department. July 2, 1891.)*

CHATTEL MORTGAGES—CHANGE OF POSSESSION—LIEN OF EXECUTION.

> Plaintiff was appointed receiver in supplementary proceedings against a judgment debtor. Defendants took a mortgage on the debtor's property prior to plaintiff's appointment, but suffered the property to remain in the possession of the mortgagor, who delivered the same to a purchaser under a bill of sale, and defendants foreclosed his mortgage while the property was in such purchaser's hands. The judgment creditor never made a levy on the property in question. *Held* that, defendants having reclaimed their property by foreclosure before the judgment creditor acquired a specific lien, defendants could not be held liable for conversion thereof.

Appeal from circuit court, Westchester county.

Action by Walter J. Donohue, receiver, against Edwin M. Jackson and another. From a judgment for plaintiff, defendants appeal.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

John C. Donohue, (John F. Brennan, of counsel,) for appellants. R. E. & A. J. Prime & Burns, (Ralph E. Prime, of counsel,) for respondent.

BARNARD, P. J. The plaintiff is a receiver for a judgment creditor of one Sims. The judgment was recovered in November, 1889, and the plaintiff was appointed in supplementary proceedings receiver in January, 1890. Sims executed a mortgage upon a stock of goods and fixtures for a good consideration, which mortgage was executed and filed in the proper office, May 29, 1889. In July, 1889, Sims sold the stock of goods to one McCue, and delivered the possession of the property to him. The mortgage property consisted of the fixtures used in the business, and the goods making up the stock which were in the store at the date of the mortgage. The bill of sale to McCue is peculiarly worded. It conveys the stock in store, not covered by the mortgage, which was stated to mean all goods put in since the date of the mortgage, and the right to all other stock and fixtures in said store not subject to the lien of said mortgage. The mortgage property was reserved, but it was delivered to McCue, and he used it in the business from November, 1889, until May, 1890, when the mortgagee took possession. *Mumper* v. *Rushmore*, 79 N. Y. 19. The creditor never made a levy upon the property, and as between Sims and the mortgagee, in May, 1890, the mortgage, was good, and when the mortgagee took the property into his possession under it he was not subject to the statute as to change of possession. Before the lien of any creditor attached, the mortgagee had taken possession and sold the property. The receiver got nothing by his appointment, except what was subject to the debtor's mortgage. Sims could not have sued the mortgagee for a conversion of the property. He had delivered the same to another person, who legally held the possession for the mortgagor, and not for the mortgagee. Before the creditor got a specific lien by levy, the mortgagee had reclaimed his property. The judgment should be reversed, and a new trial granted, costs to abide event. All concur.