ALGER A. WILLIAMS, as Trustee in Bankruptcy of HYMAN COHEN and Others, Individually and as Copartners, Doing Business under the Name of LAKE ERIE IRON AND METAL COMPANY, Respondent, *v.* STANDARD OIL COMPANY OF NEW YORK, Appellant.

Fourth Department, January 5, 1927.

**Bankruptcy — preferences — judgment recovered by defendant against bankrupts in City Court of Buffalo in July, 1925, and execution was issued and levied — notice of sale was posted November 11, 1925, and sale made November 25, 1925 — adjudication on November 30, 1925 — no preference created under Bankruptcy Act, § 60 — failure of marshal under Buffalo City Court Act, § 22, and Justice Court Act, § 288, to post notices of sale immediately after levy did not make sale invalid as to bankrupts — general assignee not subsequent lienor or bona fide purchaser — title to property sold passed legally before adjudication and no title to that property passed to trustee under Bankruptcy Act, § 70, subd. a — trustee acquired no title by assignment from purchaser for purchaser had no cause of action to assign.**

This is an action by a trustee in bankruptcy to recover money paid to a judgment creditor of the bankrupt on a sale of personal property under an execution issued on a judgment recovered in the City Court of Buffalo in July, 1925, on the theory that the defendant had obtained a preference under section 60 of the Bankruptcy Act. The execution was issued and levy made in July, 1925, but the city marshal did not, as required by section 22 of the Buffalo City Court Act and section 288 of the Justice Court Act, immediately post notices of sale. The notices of sale were not posted until November 11, 1925, and the sale was not made until November 25, 1925. The judgment debtors were adjudged bankrupts on November 30, 1925, and the trustee appointed on December 21, 1925. The bankrupts made a general assignment for the benefit of creditors on July 21, 1925.

The defendant obtained a lien upon the personal property when the execution was delivered to the marshal to be executed, and since that lien was validly established more than four months prior to the adjudication in bankruptcy, there was no preference under section 60 of the Bankruptcy Act.

If the failure of the marshal immediately to post notices of sale upon the issuance and delivery of the execution had any effect, it was only as to liens attaching subsequent to the execution date, or as to subsequent *bona fide* purchasers, and a general assignee for the benefit of creditors is not a subsequent lienor or a *bona fide* purchaser, nor is the trustee in bankruptcy within that class.

The trustee in bankruptcy obtained title on November 30, 1925, under subdivision a of section 70 of the Bankruptcy Act, only to such property as the bankrupts then had or such rights of action as they then possessed and, therefore, as the bankrupts had no right of action based upon the execution sale, for the sale was valid as to them, the proceeds of the execution sale were not assets of the bankrupt which the trustee could follow and recover.

The trustee in bankruptcy acquired no right of action through the assignment from the purchaser of the property, for the purchaser had no cause of action against the judgment creditor and he obtained a good title at the execution sale.

13

APPEAL by the defendant, Standard Oil Company of New York, from an order of the Supreme Court, made at the Erie Special Term and entered in the office of the clerk of the county of Erie on the 30th day of August, 1926, denying defendant's motion for a dismissal of plaintiff's complaint upon the ground that it does not state facts sufficient to constitute a cause of action.

*Frederick O. Bissell,* for the appellant.

*Saperston, McNaughtan & Saperston* [*Howard T. Saperston* of counsel], for the respondent.

TAYLOR, J. The complaint alleges, in substance, that on July 15, 1924, defendant recovered judgment in the City Court of Buffalo against the two Cohens and Friedman, copartners, for $657.37; that an execution was issued and a levy made on July 18, 1925, upon personal property belonging to the copartnership; that no further proceedings were taken to realize under the levy until November 11, 1925, when the city marshal posted notice of sale; that on November 25, 1925, the marshal sold the property levied on for $600 to one Heimerl, and that the marshal paid that sum on the same date to the defendant; that Heimerl had no actual notice of the invalidity of the sale, was an innocent purchaser and received no consideration for the $600 paid by him; that on November 30, 1925, the members of the copartnership were adjudicated bankrupts, and on December 21, 1925, plaintiff was appointed trustee in bankruptcy. The complaint does not state when the petition was filed. There are further allegations that all the times between July 15, 1924, and November 25, 1925, the copartners were bankrupts, and that defendant had reasonable cause so to believe; that defendant's claim was unsecured, and that all the time the bankrupts were indebted as copartners to a large number of other unsecured creditors, and that through the sale of the bankrupts' assets defendant secured a preference; that the purchasers under this sale were restrained on February 16, 1926, by an order of the United States District Court from interfering with the property (sold by Heimerl to one Wolkind), the property remaining all the time undisturbed upon the premises of the bankrupts; that the order restraining interference with the property was made upon the report of the referee in bankruptcy, which suggested that an arrangement be made between the trustee and the innocent purchaser on the execution sale (Heimerl) to reimburse him for the amount paid by him to the marshal, and to take an assignment of the claim of the purchaser against the defendant; that thereafter the bankrupts' property was sold by plaintiff, pursuant to an order of the referee in bankruptcy, to Wolkind,

under a stipulation that there should be credited the sum of $600 paid by Heimerl upon the assignment of Wolkind and Heimerl to plaintiff of their claim for $600; that this allowance was duly made and the assignment executed. On July 21, 1925, the copartners had made a general assignment.

The defendant, appellant, has moved unsuccessfully for an order dismissing the complaint on the ground that plaintiff has no legal capacity to sue, and that the complaint does not state facts sufficient to constitute a cause of action. Appellant also asked for other relief; this requires no discussion.

The appellant first obtained a lien upon the personal property of its judgment debtors when the execution had been delivered to the marshal to be executed. (Civ. Prac. Act, § 679; Justice Court Act, § 293.) This was more than four months before the adjudication in bankruptcy, and proceedings to enforce the lien do not conflict with the Bankruptcy Act. (Collier Bankruptcy [9th ed.], 964, and cases cited.) Therefore, there was no " transfer " and no preference under section 60 of the Bankruptcy Act, and plaintiff has no cause of action upon that theory.

Under section 22 of the Buffalo City Court Act (Laws of 1909, chap. 570) and section 288 of the Justice Court Act, it is provided that " A constable who takes personal property into his custody by virtue of an execution * * * must immediately post conspicuously * * * written or printed notices, signed by him, describing the property and specifying the place, within the same city or town, where, and the time * * * when, it will be exposed for sale."

Respondent claims that under the quoted statute the execution became dormant, and was void on November 25, 1925, for the reason that notices were not " immediately " posted. The execution lien became dormant, if at all, as to liens attaching subsequent to the execution date and as to *bona fide* purchasers intermediate July 18 and November 25, 1925; but not as to these judgment debtors or existing mere creditors. (*Peck* v. *Tiffany,* 2 N. Y. 451; *Matter of Zeis,* 245 Fed. 737; *Sage* v. *Woodin,* 66 N. Y. 578; *Excelsior Needle Co.* v. *Globe Cycle Works,* 48 App. Div. 304.)

A general assignee for benefit of creditors is not a subsequent lienor or a *bona fide* purchaser; nor is a trustee in bankruptcy. The rights of the trustee are subject to all valid claims, liens and equities, and these, in the absence of Federal statutes, are to be determined by State laws. The trustee has no better title than the bankrupts or attaching or judgment creditors. (Collier Bankruptcy [9th ed.], 996, 997, construing Bankruptcy Act, § 70, subd. a; *Crane* v. *Penny,* 2 Fed. 187.)

The trustee obtained title on November 30, 1925 (Bankruptcy Act, § 70, subd. a, cl. 6) to any right which the bankrupts then had to sue for unlawful taking of their property. But the bankrupts had no right of action based upon the execution sale on November 25, 1925, a sale valid as to them. The trustee, on November 30, 1925, also took title to property of the bankrupts which, prior to the filing of the petition, might have been levied upon and sold under judicial process (Id. § 70, subd. a, cl. 5); but this does not include property of the bankrupts which had been lawfully levied upon and sold on November 25, 1925. The proceeds of the execution sale were not assets of the bankrupts which the trustee could follow and recover.

And finally, the trustee in bankruptcy acquired no right of action through the assignment from Heimerl, for the reason that Heimerl had no cause of action against appellant to assign. He obtained good title at the execution sale.

The complaint does not state a cause of action. The order appealed from should be reversed on the law, with ten dollars costs and disbursements, and the motion granted, with leave to plaintiff to plead over within twenty days upon payment of the costs of this appeal.

Respondent may plead over upon payment of costs within twenty days after service of an order drawn pursuant to this opinion.

All concur. Present — HUBBS, P. J., CLARK, SEARS, CROUCH and TAYLOR, JJ.

Order reversed on the law, with ten dollars costs and disbursements, and motion granted with leave to plaintiff to plead over within twenty days upon payment of the costs of this appeal.