WILLIAM H. CHASE, Appellant, *v.* WILLIAM F. BRANDIS and Others, Respondents.

Fourth Department, May 10, 1933.

*Willard R. Pratt* [*Leon L. Arthur* with him on the brief], for the appellant.

*O. Gregory Burns*, for the respondents William F. Brandis and another.

*James & Leo O. Coupe*, for the respondents Ray Henry and another.

THOMPSON, J. The question we have before us is upon the validity of a covenant to assume and pay mortgages in a deed from a trustee in bankruptcy. Plaintiff, appellant, owner of two certain mortgages, seeks to foreclose them, and in his complaint he asks for a deficiency judgment against defendants, respondents. One of the mortgages in suit was made by Edward and Ella Graystone, and the payment of the other was assumed by them in the deed of the premises, which was delivered to and accepted by them when they acquired title. Thereafter the Graystones were adjudicated bankrupts and a trustee of their estates was appointed, who qualified and entered upon the discharge of the duties of the office. In liquidating the bankrupt estate, the trustee effected a sale of the premises in question to the defendants Brandis, and executed and delivered a deed thereof to them, containing a provision that the conveyance was made subject to the mortgages, above mentioned, which the

grantees therein assumed and agreed to pay. The defendant Ray E. Henry is the grantee of defendants Brandis and the deed to him contained an assumption of the mortgage.

Defendants, respondents, contend that their covenants of assumption are not binding upon them, upon the ground that the trustee in bankruptcy was not bound by the bankrupt's covenants, and that because thereof there was no consideration for the covenants of payment (Thomas Mort. [3d ed. 1914] 490; *Wager* v. *Link*, 134 N. Y. 122) and the court below has so held. This we think is error. The trustee in bankruptcy took the title and possession of the bankrupts' property subject to the same conditions under which they held it. Representing the bankrupts, she at once became bound by the same limitations, exceptions and covenants that defined their ownership of the property. The bankrupts were under covenant to pay any deficiency that might remain after applying the proceeds of the sale of the real estate to the principal sum secured by the mortgages. When the trustee in bankruptcy took the premises upon which the mortgages were liens, she took it subject to this same covenant.

" The trustee took the bankrupt's property in the same condition and subject to the same liens as the bankrupt himself held it." (*First National Bank of Waterloo* v. *Bacon*, 113 App. Div. 612, 615; affd., 189 N. Y. 533; affd., 216 U. S. 134; *Williams* v. *Standard Oil Co. of New York*, 219 App. Div. 193, 195; Bankruptcy Act, § 70; U. S. Code, tit. 11, § 110.)

If the covenant was enforcible against the bankrupts, it became enforcible against the trustee immediately upon her taking office, and upon foreclosure she would have been a proper party defendant. If, upon applying the proceeds of the sale of the property to the mortgage indebtedness, a deficiency remained, claim for it, showing that the property sold for an adequate price, or in case it was bid in for an inadequate price that the amount of the deficiency claimed was equal only to the difference between the mortgage debt and the actual value of the property, could have been filed and would have been paid with the other claims against the bankrupts in the due course of the administration of the estate. (*Matter of Linforth*, 87 Fed. 386; affd., *sub nom. Lloyd* v. *Chapman*, 93 id. 599; 35 C. C. A. 474; *Matter of Beaver Knitting Mills*, 154 Fed. 320; *Matter of Dix*, 176 id. 582; *Matter of Graves*, 182 id. 443; Gilbert's Collier Bankruptcy [2d ed. 1931], 798, 799.)

At the time of the conveyance by the trustee to defendants Brandis, the mortgagee could not prove the debt and also retain the security, but he could surrender the security and prove the debt. He might rely on his security and enforce it, or he might make formal proof of claim and afterwards proceed to foreclose the mortgage and

share with the general creditors in the distribution of the assets, in respect to any deficiency that might arise upon sale of the security at an adequate price.

" If the security held by a lien creditor is valued by agreement between himself and the trustee, or under the direction of the court, but the valuation is less than the amount of his debt or claim,— or if the lien is foreclosed or the security otherwise realized, and results in a deficiency,— the creditor, in either case, will be entitled to prove a claim in the bankruptcy proceedings for such deficiency or unsatisfied balance, although, as to this, he will not be entitled to any preference or advantage over other creditors, but simply to take his proportionate share out of the bankrupt's general assets." (Black Bankruptcy [4th ed.], 654; Bankruptcy Act, § 57, subd. h; U. S. Code, tit. 11, § 93, subd. [h]; *Long* v. *Bullard*, 117 U. S. 617.)

So here on December 5, 1929, which was the date of the deed from the trustee in bankruptcy to the defendants Brandis, the mortgagee had the right to foreclose his mortgage, or to determine the value of his security, and file a claim with the trustee in bankruptcy, as a general creditor, for such a deficiency as might be established, and if he did so, the trustee could recover over from the defendants Brandis the amount which the mortgagee received from the bankrupts' estates in payment of his claim. At the time the defendants Brandis assumed and agreed to pay the mortgages, there was a liability on the part of the trustee in bankruptcy to the mortgagee and the assumption by the defendants Brandis was, therefore, based upon a consideration and was valid and enforcible.

In the opinion of the learned county judge we find it stated that in the deed from defendants Brandis to defendant Henry following the word " assume " there had been written in the words " and agreed to " and that the three words appeared to have been erased by twice drawing a pen through them. There is no finding of fact to this effect. The original deed was not offered in evidence nor was it produced upon the argument, but there is a finding of fact setting forth the covenant in question as follows: " Said conveyance is given and accepted subject to three mortgages on said premises, one held by The Savings Bank of Utica, N. Y., on which there remains unpaid the principal sum of $3,849.52, with interest thereon from May 1, 1931, one held by William H. Chase of Utica, N. Y., on which there remains unpaid the principal sum of $1,350 with interest thereon from June 7, 1931, and one held by Jessie B. Chase of Utica, N. Y., on which there remains unpaid the principal sum of $1,500, with interest thereon from Feb. 28, 1931, which mortgages are assumed by the purchaser."

It will be observed that the clause begins with the statement that the conveyance is given and accepted subject to the mortgages in suit, which is immediately followed by a description of them. At the close of the clause appears the words "which mortgages are assumed by the purchaser." We do not attach the significance to the striking out of the words "and agreed to" that is given to it by the court below, nor do we find a finding or testimony to such effect. We are impressed that it is reasonable to conclude that the words were stricken out as surplusage. The plain meaning of the term "assumed" as used in this covenant, especially, separated as it is, from the part of the covenant which recited that the conveyance was made subject to the mortgages, was that the grantee, as a condition of his acquiring the property, covenanted to become primarily liable for the payment of the mortgage indebtedness.

In the case of *Schley* v. *Fryer* (100 N. Y. 71) the deed recited: "This conveyance is made subject to two certain mortgages for $4,000 each, and which said party of the second part assumes with interest from the 22d day of August, 1871." In holding that the word "assumes" was broad enough to impose a personal liability on the grantee to pay the mortgage indebtedness, the court said: "Unless that word was used to impose a personal liability upon the defendant to pay, it was wholly unnecessary and serves no purpose and adds nothing to the force of the language used. A rule of construction requires us to give force and effect, if possible, to all the language used. That word is frequently used in deeds to impose a liability to pay upon the grantee, and we believe it is generally understood among conveyancers to impose such liability."

As already appears, the original deed was not offered or received in evidence. Furthermore, it appears from the appellant's brief that upon consent of all of the parties the case was submitted to the court "on the conveyances of record touching the property described in the complaint, in the Oneida County Clerk's office." We are thus confined to these records in our review of the judgment appealed from.

For these reasons the judgment so far as appealed from should be reversed, with costs, and the judgment modified so as to adjudge that the defendants William F. Brandis, Alice M. Brandis and Ray E. Henry pay any deficiency which may remain after applying the proceeds of the sale to the mortgage indebtedness, with costs.

All concur.

Judgment so far as appealed from reversed on the law, with costs, and judgment modified by inserting provision for deficiency judgment against the defendants William F. and Alice M. Brandis and Ray E. Henry.