THE AMERICAN LAUNDRY MACHINERY COMPANY, Appellant, *v.* KARL SIMON, Respondent, Impleaded with EDWARD SIMON and Others, Defendants.

Fourth Department, October 7, 1938.

*Delos W. Haring*, for the appellant.

*Sanford H. Schaffer*, for the respondent.

PER CURIAM. At the close of all the evidence both sides moved for a directed verdict. The court was thus empowered to decide the facts as well as the law. The facts are free from dispute. Plaintiff sold certain machines to defendant Cascade Cleaners, Inc., and took back a conditional sale contract which was duly filed and was once refiled within the time prescribed by law, and later still was refiled too late; so that, under section 65 of the Personal Property Law, it became " void as to any purchaser from or creditor of the buyer, who, without notice of such [conditional sale contract], purchases the goods or acquires by * * * levy a lien upon them."

While the machines were in the possession of the Cascade Cleaners, Inc., two judgments were recovered against it, one by the Lockport Engineering Works, which had no actual notice of plaintiff's conditional sale contract, and one by defendant Karl Simon, who had actual notice of the conditional sale contract. Each judgment creditor issued execution, and delivered the same to the sheriff. The execution issued on the judgment of the Lockport Engineering Works was delivered to the sheriff first, by several days. The sheriff levied on the machines under both executions simultaneously, mentioning both in his notice of sale. Defendant Karl Simon bought the machines at the sheriff's sale, bidding $35.40 more than enough to pay the judgment of the Lockport Engineering Works. The sheriff applied the sale price first to the payment of the engineering company's judgment, and applied $35.40 toward the payment of the judgment of the successful bidder, Karl Simon. The plaintiff has brought this action in replevin to recover the machines from Karl

Simon, and the trial court directed a verdict of no cause of action and dismissed the complaint. The appeal is from the judgment entered on the directed verdict.

The judgment should be affirmed. The execution of the Lockport Engineering Works had preference over the execution of Karl Simon (Civ. Prac. Act, § 680), and became a lien on the machines in question from the time of the delivery of that execution to the sheriff. (Civ. Prac. Act, § 679.) Any one buying the machines under that execution bought in the right of the Lockport Engineering Works, which had no actual knowledge of the conditional sales contract, and took a good title as against the plaintiff. (Pers. Prop. Law, § 65.) The levy under the two executions, though in form made simultaneously, must be deemed to have been made consecutively, first under the execution of the Lockport Engineering Works and secondly under the execution of Karl Simon. Karl Simon obtained a good title by buying at the sale under the execution of the Lockport Engineering Works. Whether, having actual knowledge of the conditional sale contract, he was entitled to have the $35.40 applied on his own judgment is not a question that is before us on this appeal.

All concur. Present — SEARS, P. J., CROSBY, LEWIS, CUNNINGHAM and DOWLING, JJ.

Judgment affirmed, with costs.