In the Matter of the General Assignment for the Benefit of Creditors of HEIGHTS PROMENADE, INC., Assignor, to MORRIS VOLPER, Assignee.

Supreme Court, Special Term, Kings County, October 27, 1950.

*Levin & Weintraub* for assignee.

*A. S. Siegel* for Hiram Walker Dist. Inc.

BELDOCK, J. The assignee for the benefit of creditors seeks an order vacating a marshal's notice of levy and sale and directing the marshal to pay the sum paid by the assignee under protest. The facts are as follows:

The assignor (judgment debtor) was engaged in the restaurant business. On September 14, 1950, the judgment creditor obtained a judgment against the assignor in the Municipal Court and on that date issued an execution to a city marshal. On September 15, 1950, the city marshal proceeded to the place of business of the judgment debtor for the purpose of making a levy and on arrival found the door of the restaurant closed. After viewing the debtor's personal property visible through the glass door and window, and not having access, the marshal affixed the notice of levy on the outer door. The date of sale was fixed for September 22, 1950, and a copy of the notice of levy and notice of proposed sale were mailed to the attorney for the assignor. At the request of the latter the sale date was postponed to September 26, 1950, and again to October 3, 1950. In the meantime and

on September 20, 1950, the judgment debtor executed an assignment for the benefit of creditors which was filed on September 25, 1950. On October 3, 1950, the marshal visited the premises of the judgment debtor and, after forcing entry therein in the presence of police officers, proceeded to conduct a public sale in accordance with the notice and advertisement thereof. The sale was suspended upon payment by the assignee to the marshal under protest of the sum of the judgment plus fees. On this motion the assignee contends that the levy and the sale were invalid and demands the return of the moneys paid under protest.

The objection of the assignee is not merited. Under section 679 of the Civil Practice Act, personal property of a judgment debtor becomes subject to a lien of the judgment on the date of the issue of execution to the marshal, and upon receiving such execution the marshal obtains constructive custody of the property. Actual seizure is unnecessary. (*Matter of Kogan*, 141 Misc. 412.) Accordingly, execution herein became effective prior to the time that the assignor executed and filed the assignment for the benefit of creditors.

The case of *Baker* v. *Hull* (250 N. Y. 484), relied upon by the movant, is inapplicable. (Also, see, 5 Carmody on New York Practice, § 1639 and cases therein cited.)

Motion denied. Submit order.