Thomas A. Aurelio, J.
Motion to vacate and set aside the purported adjourned notice of the City Marshal’s sale in the execution, and to declare the purported judicial lien obtained in the said execution to be ineffective as against petitioner, an assignee in the matter of the general assignment for the benefit of creditors.
The facts are clear. The judgment creditors had secured a judgment by default and issued an execution on the judgment to a City Marshal on January 14, 1959. On January 15, 1959 the Marshal went to the judgment debtor and posted his levy. He also posted notices to sell judgment debtor’s • assets on January 22, 1959 to satisfy the aforesaid judgment.
On January 16, the judgment debtor contacted the Marshal and requested that there be made some arrangement whereby he could be allowed to continue his business and satisfy the judgment. The Marshal, with the consent of the judgment creditor agreed to accept $50 and the balance of the judgment on or before February 2, 1959. The Marshal then postponed the scheduled sale to February 2,1959.
On January 26, 1959, the judgment debtor executed and delivered to petitioner, an assignment for the benefit of creditors, which was duly filed.
The present proceeding is brought to set aside such lien of the judgment creditor and the proposed sale on the ground that the alleged execution was not carried out but that an understanding was reached between the City Marshal and the judgment debtor (assignor herein) for the payment of the judgment; that part payment was made; that the judgment debtor was left in possession of all his personal property and no sale was scheduled or advertised under the alleged execution prior to the filing of the deed of assignment; and that only thereafter did the City Marshal mail to the assignor and the assignee an “ adjourned notice of marshal’s sale.”
*483 The petitioner further contends that the judgment creditor did not comply with rule XVI of the Rules of the Municipal Court of New York City which provides that no execution may be issued against any party unless a copy of the judgment had been duly served upon the judgment debtor and proof thereof has been filed in the office of the clerk of the court.
To the last contention the judgment creditor states that a copy of the judgment was served upon the judgment debtor but that proof of service had not been filed.
In Chase Watch Corp. v. Heins (284 N. Y. 129), the court held that similar rules were merely directory.
The City Marshal has a right to postpone a sale of property on execution, from time to time, and for such a length of time as he may deem proper, provided it will not prevent him from obeying the command of his process. (Perkins v. Proud, 62 Barb. 420.) However, if there is a postponement a new notice of sale must be given at least six days before the sale. (Frederick v. Wheelock, 3 Thomp. & C. 210; 7 Carmody-Wait, New York Practice, p. 686.) A levy was deemed sufficient when the Marshal went to the judgment debtor’s store and posted the notice of levy and left the judgment debtor in charge. (Wehle v. Conner, 83 N. Y. 231.)
Notwithstanding a levy under an execution upon his personal property, the judgment debtor remains the owner, and can convey title, subject to the lien created by the execution. However, a purchaser in good faith and without notice is protected (Civ. Prac. Act, § 683), but an assignee for the benefit of creditors is not a bona fide purchaser. (Mumper v. Rushmore, 79 N. Y. 19.)
Since the property belonged to the debtor, the judgment creditor’s lien, by virtue of the execution, is superior to the title of the assignee. (American Laundry Mach. Co. v. Simon, 255 App. Div. 203.) Whether the City Marshal complied with the further notice required after the postponement of the first advertised sale is not pertinent at this time since the second sale was not consummated.
The reason given for the postponement, i.e., to enable the debtor to pay off the small judgment debt and hence prevent a forced sale, was sufficient to show that the City Marshal did not intend to give up constructive possession of the property or to release the lien against such property. Perhaps the belated notice of postponement was not sufficient to permit a sale on such notice, but again as stated above, this is not material at this time.
Accordingly, upon the facts and circumstances in the moving papers, the motion is denied. The lien of the judgment creditor *484 is confirmed. If the assignee has sold the property assigned, he is directed to turn over if there is sufficient money, in lieu of the property, the amount of the creditor’s judgment, less the amount of $50 previously paid, together with interest, costs, disbursements, Marshal’s fees and $10 costs on this motion.
Settle order.