Joseph M. Conroy, J.
Application for an order directing the assignee for the benefit of creditors to pay to Consolidated Flour Corp. or its attorney the sum of $605.53 of the proceeds of sale realized at an auction duly held under the assignment, said sale having been held subject to the claim of Consolidated.
It appears that on May 5, 1959, Consolidated obtained a judgment in the District Court of Nassau County, Second District. According to the affidavit of a Deputy Sheriff of said county an execution was, on the same day, entered in the office of the Sheriff of said county, and a levy posted on the door of the premises on May 7, 1959, the judgment debtor’s place of business having been closed. He again called at the said place of business on May 11, 1959, and found it closed. The levy was reposted on the door on May 12, 1959, “ as the original was gone.” The assignment for the benefit of creditors was executed on May 12, 1959.
The court finds that the original levy was made on May 7, 1959. The lien of the judgment, however, came into being when the execution was delivered to and entered by the Sheriff of Nassau County on May 5,1959. It is provided by subdivision 1 of section 679 of the Civil Practice Act that the goods and chattels of a judgment debtor ‘ ‘ are bound by the execution, when situated within the jurisdiction of the officer to whom an execution against property is delivered, from the time of the delivery thereof to the proper officer to be executed ”. (Emphasis supplied.) Under section 680 of the Civil Practice Act it is *275 provided that where two or more executions are issued against the same property out of the same or different courts against the same judgment debtor 11 the one first delivered to an officer to he executed has preference, notwithstanding that a levy is first made by virtue of an execution subsequently delivered”. (Emphasis supplied.)
The motion is, accordingly, granted. Settle order.