In the Matter of SIDNEY W. MINTZ, Judgment Creditor, *v.* IRVING L. FISCHER, Judgment Debtor.

Supreme Court, Special Term, New York County, July 25, 1962.

*Sidney W. Mintz,* judgment creditor in person. *Irving L. Fischer,* judgment debtor in person. *Robert M. Morgenthau, United States Attorney (John Paul Reiner* of counsel), for United States of America.

THOMAS C. CHIMERA, J. This motion for an order directing the third party Robert P. Sheldon, Inc., to pay over to the judgment creditor the balance of a debt owed by the third party to the judgment debtor after deducting for a concededly prior lien, and for interest from February 3, 1960, is granted. Settle order.

The issue is one of priority of liens narrowing down to the simple question — *What is the situs of a debt?* The answer is not easy to arrive at.

The lien of the plaintiff-judgment creditor arose out of the service of a subpoena in supplementary proceedings upon the third party on January 31, 1962 to enforce a judgment against judgment debtor obtained February 3, 1960 (Civ. Prac. Act, § 781; *Baker* v. *Hull,* 250 N. Y. 484; *Matter of Ace Food Corp.,* 23 Misc 2d 274).

The liens of the United States arose out of an assessment made July 7, 1961 for unpaid taxes for the years 1957, 1958 and 1959 for which notices of tax liens were filed with the Registrar of Queens County, New York (judgment debtor's residence), October 17, 1961, and for the year 1960, similarly filed November 1, 1961. Although notice of tax liens for the

years 1957, 1958 and 1959 was also filed in the office of the Registrar of New York County (county in which the third party's place of business was then located), on March 5, 1962, the Government depends on the earlier Queens County filing in asserting its priority of liens. The claims of both judgment creditor and the Government exceed the balance due the judgment debtor.

A lien of the United States for income taxes is not valid as against judgment creditors until notice thereof is filed in the place or places designated by the law of the State in which the property subject to the lien is situated (Internal Revenue Code of 1954, § 6323, subd. [a], par. [1]; U. S. Code, tit. 26, § 6323, subd. [a], par. [1]).

The law of the State of New York requires that such a notice or certificate of lien (on personal property) shall not be valid unless filed in the county within the City of New York where the owner resides at the time the lien arises, and also in the county where the property is situated (Lien Law, § 240, subd. 2).

It is judgment creditor's contention that the Government's liens are subordinate by reason of its failure to file in both counties prior to the service of the former's subpœna in supplementary proceedings.

The judgment creditor argues that the question has already been answered by the Federal courts themselves in the case of *Goldstein* v. *Bankers Comm. Corp.* (152 F. Supp. 856 [1957], affd. *sub nom. Goldstein* v. *United States*, 257 F. 2d 48 [1958]) and by the State of New York in *Commission for Polish Relief* v. *Banca Nationala A Rumaniei* (262 App. Div. 543, affd. 288 N. Y. 332). It has not.

In *Goldstein* (*supra*) the situs of a *trust fund* belonging to a judgment debtor, in the hands of a stakeholder, was ruled to be in the county in which the fund in suit and the office of the stakeholder were located and *Commission* (*supra*) deals with a *bank account* which, although finding its origin in a debtor-creditor relationship, is by its nature and acceptance closer to tangible property than a mere chose in action can possibly be.

The Government, on the other hand, suggests that all that exists here is a mere chose in action to recover a debt and that such an intangible must be ruled to follow the person owning the claim, citing *United States* v. *Kings County Iron Works* (224 F. 2d 232) and *Investment & Securities Co.* v. *United States* (140 F. 2d 894).

Those authorities are not impressive. *United States* (*supra*) never came to grips with the specific question and *Investment* (*supra*) concerns itself with a dissimilar Wisconsin statute and

a stipulation fixing the priority of the liens there under consideration. Nor do the facts in either of those cases remotely resemble those in the case at bar.

The answer must be found in the utterances of the immortal Justice CARDOZO in *Severnoe Securities Corp.* v. *London & Lancashire Ins. Co.* (255 N. Y. 120, 123) and of the late Mr. Justice HUGHES in *Liverpool Ins. Co.* v. *Orleans Assessors* (221 U. S. 346, 354).

The facts in the last two cases mentioned and in the authorities therein cited are not similar to those at bar but the reasoning in all of those authorities furnishes this court with a working analogy.

Mr. Justice CARDOZO said: (p. 123) : " The situs of intangibles is in truth a legal fiction, but there are times when justice or convenience requires that a legal situs be ascribed to them. The locality selected is for some purposes, the domicile of the creditor; for others, the domicile or place of business of the debtor, the place, that is to say, where the obligation was created or was meant to be discharged; for others, any place where the debtor can be found    *    *    *. At the root of the selection is generally a common sense appraisal of the requirements of justice and convenience in particular conditions ".

Mr. Justice HUGHES said (p. 354) :

" When it is said that intangible property, such as credits on open account, have their situs at the creditor's domicile, the metaphor does not aid. Being incorporeal, they can have no actual situs. But they constitute property    *    *    *.

" The legal fiction, expressed in the maxim *mobilia sequuntur personam*, yields to the fact of actual control elsewhere. And in the case of credits, though intangible    *    *    *    the control adequate to confer jurisdiction may be found in the sovereignty of the debtor's domicile. The debt, of course, is not property in the hands of the debtor; but it is an obligation of the debtor and is of value to the creditor because he may be compelled to pay; and power over the debtor at his domicile is control of the ordinary means of enforcement."

Applying the reasoning in those two cases and the citations therein to the purposes intended to be served by the Lien Law (*supra*), I am compelled to hold that a common sense appraisal of the requirements of justice and convenience dictate that the situs of the debt, the subject of this application, is in the County of New York and that the Government's failure to file prior to January 31, 1962, in the County of New York as well as in the County of Queens, has the effect of yielding priority to judgment creditor herein.