In the Matter of the General Assignment for the Benefit of Creditors of BETTY BARTON FROZEN FOOD CORP., Assignor, to NATHAN HAUPTMAN, Assignee.

Supreme Court, Special Term, Kings County, September 6, 1962.

*Bernstein & Bernstein* for judgment creditors. *Hauptman & Hauptman* for assignee.

LOUIS B. HELLER, J. This is a motion by judgment creditors for an order directing the assignee for the benefit of creditors to turn over the proceeds of liquidation of assignor's personal property in the amount of $2,892 with interest and Sheriff's fees and poundage.

The judgments were recovered on February 14, 1961. A subpœna in supplementary proceedings was thereafter duly served on the judgment debtor on March 14, 1961. Thereafter a chattel mortgage was given by judgment debtor on part of the chattels belonging to it (there being a prior mortgage on other chattels) as "additional protection over and beyond the protection given by the subpœna in supplementary proceedings." This mortgage appeared to be incorrect as to amount and a new chattel mortgage was obtained in correction thereof on August 3, 1961.

On July 18, 1961 executions were issued on the judgments to the Sheriff. The affidavit of the Deputy Sheriff states "On the 18th day of July, 1961 I personally went to the judgment debtor's place of business at 9204 Foster Avenue, Brooklyn, New York and levied upon the personal property of the said Betty Barton Frozen Food Corp. Present at the time I made the levy was Albert Sibener, the president of the debtor corporation. At no time have these executions been returned by our office as being satisfied. On the 14th day of November, 1961 while these executions were in full force and effect, we were informed that the judgment debtor made an assignment for the benefit of creditors."

On July 18, 1961 attorneys for judgment creditors wrote to the Sheriff requesting him not to place custodians in charge of nor reduce to physical possession the property levied upon until further notice. On July 24, 1961 said attorneys again wrote to the Sheriff "we are requesting you to withhold sale pending possible adjustment of this matter. If negotiations of settlement cannot be effected, we shall notify you to proceed with the sale."

On November 14, 1961 the judgment debtor filed an assignment for the benefit of creditors. Thereafter, pursuant to stipulation, an order was entered on November 24 permitting the assignee to proceed with auction sale of the personal property of the assignor and hold the proceeds subject to determination of validity of the chattel mortgages afore-mentioned. It was further provided that such procedure "shall not constitute a waiver of any rights which any of the parties hereto may have, or claim to have, with respect to their respective positions as to

the validity of, or amount due with respect to, said two mortgages, *or of any purported sheriff's levy.*" (Italics mine.)

The personal property of the judgment debtor became bound by the execution from the time of its delivery to the Sheriff (Civ. Prac. Act, § 679).

The contention of assignee that the execution expired after 60 days is not well taken. As stated in the affidavit of counsel for the Sheriff, " The Sheriff makes a return pursuant to section 640 of the Civil Practice Act within 60 days if the matter has been consummated by sale, settlement or where no property could be found to satisfy the judgment, either partially or in full. Once a levy has been made, the levy continues beyond the 60 day period for all purposes."

The cases cited by assignee's counsel as to the validity of the levy are not applicable. In some of the cases a levy was never made, and others involve either a bona fide purchase for value or an intervening creditor who has recovered judgment and made levy under execution thereof. None of the citations involve an assignee for the benefit of creditors. Such an assignee takes the property of the assignor subject to all equities and liens affecting his assignor prior to the assignment (*Kane Co.* v. *Kinney,* 174 N. Y. 69, 75; *Matter of Pellegrini,* 248 App. Div. 526). The case of *Lehrman* v. *Godchaux Sugars* (207 Misc. 314) cited by assignee's attorney is not determinative of the questions herein raised. Again, it does not involve an assignee and the case is further distinguished by reason of the fact that here the judgment creditor's rights under the levy were specifically reserved by the order of this court (hereinbefore mentioned) which permitted the assignee to proceed with auction sale of debtor's property.

An executing judgment creditor who has caused a levy to be made upon the judgment debtor's personal property has a valid lien against the debtor or his assignee (*Williams* v. *Standard Oil Co. of N. Y.,* 219 App. Div. 193; *Saligman* v. *Ginsburg,* 102 N. Y. S. 2d 142; *Matter of Mehr* [*Marks*], 20 Misc 2d 481; *Matter of Ace Food Corp.* [*Rochlin*], 23 Misc 2d 274).

In *Matter of Mehr* (*supra,* p. 483) the court stated: " Notwithstanding a levy under an execution upon his personal property, the judgment-debtor remains the owner, and can convey title, subject to the lien created by the execution. However, a purchaser in good faith and without notice is protected (Civ. Prac. Act, § 683), but *an assignee for the benefit of creditors is not a bona fide purchaser.* (*Mumper* v. *Rushmore,* 79 N. Y. 19.) " (Italics mine.) (See, also, *Matter of Heights Promenade* [*Volper*], 198 Misc. 788.)

As to assignee's contention that a novation had been created by the acceptance of the chattel mortgage the facts show that no agreement was made under which judgment creditors gave up their rights to proceed under the execution. The chattel mortgage covered only a few of the chattels. Furthermore, the proceeds of the auction sale amounted to $3,829.35 out of which the chattels covered by said mortgage amounted to $845. The judgment creditors did not give up their rights to complete protection for a limited one.

The judgment creditors' motion is granted and assignee is directed to pay them the sum of $2,892 with interest from February 14, 1961 to the date of the assignment, viz., November 14, 1961. Since the order of this court of November 24, 1961 which provided for prorata share of expenses is not applicable to the judgment creditors, they are not required to pay same. However, in view of the circumstances, the Sheriff's fees and poundage should be assumed by the judgment creditors and they are directed to pay same out of the amount recovered herein.

The assignee cross-moves to declare the chattel mortgage invalid. The judgment creditors are not seeking to enforce the same and are obtaining satisfaction of their judgments. Therefore, the question of validity of the chattel mortgage is academic and it is unnecessary to decide same.