■ In the Matter of BETTY BARTON FROZEN FOOD CORP. FRANK MASTROPIERRO et al., Respondents-Appellants; NATHAN HAUPTMAN, Appellant-Respondent.— In a proceeding under the Debtor and Creditor Law, arising from a general assignment for the benefit of creditors, the parties cross-appeal as follows from an order of the Supreme Court, Kings County, dated September 17, 1962: (1) the assignee appeals from so much of the order as granted the judgment creditors' application and directed him to turn over to them, in satisfaction of their judgments, the sum of $2,892.48 with interest thereon; and as denied his cross application to invalidate a chattel mortgage delivered to them by the assignor; (2) the judgment creditors appeal, as limited by their brief, from so much of the order as denied their application to direct the assignee to pay the poundage or fees due the Sheriff by reason of a levy made by him upon the assignor's property prior to the general assignment. Order modified on the law, by striking out the provision directing the judgment creditors to pay the Sheriff's poundage or fees as fixed by law, and by substituting therefor a provision directing the assignee to pay such poundage or fees. As so modified, the order, insofar as appealed from by the respective parties, is affirmed, without costs. No issues of fact were considered. The assignee's time to comply with the order directing him to turn over the sum

specified, with interest thereon, is extended until 10 days after entry of the order hereon. In our opinion, the assignment had no legal effect on the rights of the judgment creditors. Such rights included the right to collect poundage from the judgment debtor (Civ. Prac. Act, § 1559; *Gimenez* v. *Great Atlantic & Pacific Tea Co.*, 242 App. Div. 485; *Distillers Factors Corp.* v. *Country Distillers Prods.*, 81 N. Y. S. 2d 857). [For opinion at Special Term, see 35 Misc 2d 1057.] Kleinfeld, Acting P. J., Christ, Brennan, Rabin and Hopkins, JJ., concur.